[No. 11787.   Department Two. — May 18, 1887.]

# H. A. HART, RESPONDENT, v. ELIZA KIMBALL ET AL., APPELLANTS.

NEW TRIAL — NOTICE OF MOTION — STATEMENT OF CASE. — A motion for a new trial made solely upon a statement of the case is properly heard and determined, although the notice of the motion stated that it would also be made upon the minutes of the court and a bill of exceptions.

RESCISSION OF CONTRACT — FRAUDULENT REPRESENTATIONS — OFFER TO RE-SCIND — REASONABLENESS OF TIME. — The action was brought to obtain the rescission of a contract whereby the plaintiff purchased from one of the defendants a lot of furniture, and a lease for five years of a boarding-house, on the ground that he had been induced to make the purchase through the false and fraudulent representations of his vendor. Six months after the purchase, the plaintiff, having discovered the falsity

of the representations, verbally offered to rescind the contract, and placed the vendor in possession of the furniture and boarding-house. *Held,* that the offer to rescind was made within a reasonable time, and was sufficient without the tender of a written release of the rights acquired by the plaintiff under the lease.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*H. K. S. O'Melveny,* for Appellants.

*Wells, Van Dyke & Lee,* for Respondent.

FOOTE, C. — Mr. Hart sought by this action to rescind a contract, which included the purchase by him of a lot of furniture, and a lease from the defendant, Mrs. Kimball, of a boarding and lodging house, and to enforce the reconveyance to him of a lot or parcel of land, which he had previously conveyed to M. H. Kimball, her husband and co-defendant.

He based his claim to the relief prayed for upon the alleged fraudulent acts and representations of Mrs. Kimball, made anterior to the making of the contract, and which alone induced him to enter into it. Judgment was rendered as demanded in the complaint, and from that and an order refusing a new trial this appeal is prosecuted.

The respondent contends that the appeal from the order first mentioned should not be considered, for the reason, as he alleges, that the notice of motion for a new trial specified that such motion would be made, not only upon the minutes of the court, but also upon a bill of exceptions and a statement of the case, and that, therefore, the statement upon which the motion was heard by the trial court should have been disregarded, since the moving party relied upon that method of procedure, and did not file any affidavits or use the minutes of the court.

We do not concur in this view of the law, for the respondent had full notice that all the statutory methods of procedure to obtain a new trial would be adopted by the appellants, and when they elected which of such methods they would pursue, such election was their privilege, and did not prejudice in any way the rights of the respondent, the other methods being thereby abandoned.

The specifications wherein it was alleged in what particulars the evidence did not warrant the findings were, we think, sufficient, and a hearing should be accorded, both to the appeal from the order, and to that from the judgment.

The appellants assert that the complaint did not state a sufficient cause of action, and that their demurrer thereto should have been sustained.

The pleading first mentioned sets out at some length certain acts and representations of Mrs. Kimball, which are alleged to have been false and fraudulent, and that the plaintiff relied on them as being true in making the contract, and has suffered damage thereby.

To us it seems that what Mrs. Kimball is alleged to have said and done would have warranted any prudent man in entertaining the belief that the boarding-house was doing a good and profitable business, and that the furniture, piano, and other things bought from her by the plaintiff were of the kind, and worth what she claimed; such being the case, the plaintiff having relied upon them, and been deceived to his damage, would have a right to a rescission of the contract, if he made his offer to rescind in a proper manner, and within a reasonable time after his discovery of the fraud which had been practiced upon him.

It is claimed in this connection by the appellants that as the lease given was for five years, the only way in which an offer to rescind it would have been valid was to have made an offer of a release in writing to both parties defendant.

The husband, M. H. Kimball, had nothing to do with the lease or the contract, he was simply at his wife's request a recipient of the legal title to the plaintiff's lot with full notice of the latter's equities, without any consideration whatever. To offer to rescind so far as he was concerned would have been an idle ceremony. Mrs. Kimball had made to her not only the offer of the plaintiff to rescind the whole contract and to place her *in statu quo,* but according to the complaint, she had been put in possession of all the personal property which she had before that sold to the plaintiff, as well as the boarding and lodging house. In what better position she could have been placed, so far as the plaintiff could act, does not appear.

How can she equitably claim to defeat the plaintiff's right to a rescission of this contract, and to have returned to him his notes and lot, when she is in actual possession as her own with his consent of all that she ever sold him? —and when he by his acts *in pais* is estopped from claiming possession of the boarding and lodging house by virtue of the lease. It would certainly be very unjust to say that the mere failure of the plaintiff to execute a written *release* to Mrs. Kimball of all his rights under the lease she made him should prevent him from having her return to him his property and obligations, when she has had returned to her all the property which she ever sold the plaintiff, and is in possession, with his consent, of the boarding and lodging house, upon the title to which the plaintiff neither makes nor possesses any claim.

Under the circumstances of this case, six months was a reasonable time within which to ascertain the falsity of the defendant's representations, and to offer to rescind the contract. (*Marston* v. *Simpson,* 54 Cal. 189.) The demurrer was, therefore, properly overruled.

It was right to deny the motion for a nonsuit. There is a conflict in the evidence, and the findings should not be disturbed.

We perceive no prejudicial error in the record, and the judgment and order should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.