[L. A. No. 412.  In Bank.— March 25, 1898.]

BLANTON DUNCAN, Appellant, v. TIMES-MIRROR COM-PANY, Respondent.

NEW TRIAL—NOTICE OF INTENTION—APPEAL—DISMISSAL.—A notice of intention to move for a new trial, stating that it would be based upon the records of the court and the minutes, and either a statement of the case or bill of exceptions, is a substantial compliance with the statute, and where the motion under such notice was actually based upon a bill of exceptions, a motion to dismiss an appeal from the order denying the motion for a new trial on the ground that the notice of intention to move for a new trial was fatally defective, must be denied.

MOTION to dismiss an appeal from an order of the Superior Court of Los Angeles County denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Blanton Duncan, in pro. per., and D. Allen, for Appellant.

Henry T. Gage, and White & Monroe, for Respondent.

THE COURT.—A motion is made to dismiss the appeal from an order denying a motion for a new trial, upon the ground that the notice of intention to move for a new trial was fatally defective. The notice recited that the motion would be made upon a statement or bill of exceptions, and upon the records of the court and upon the minutes of the court. In *Hart v. Kimball*, 72 Cal. 283, it was held that a motion for a new trial can be made upon a statement of the case, notwithstanding that the notice designated that the motion would be made upon a statement and

upon the minutes of the court and a bill of exceptions. In the present case, the motion was actually based upon a bill of exceptions. The notice of intention stated that it would be based upon the records of the court and the minutes, and either a statement or bill of exceptions. We think the notice is a substantial compliance with the statute.

Motion denied.