## HALL v. HARRIS.

1. On the trial of this action, brought by the defendant in an attachment suit for the value of property claimed by such party as additional exemptions, under the statute, against the sheriff, while such property was held by him under his warrant of attachment, and under an order of the court made on a motion to discharge the attachment, denying the same on the ground, among others, that the debt for which the attachment was issued was incurred for property obtained under false pretenses, said order was admitted in evidence as a bar to the action. *Held*, that the court committed no error in so admitting said order, and holding it a bar to the action.

2. *Further held*, that the words in the notice of intention to move for a new trial, that the same would be "made on the minutes of the court and a bill of exceptions," did not render said notice uncertain, and that the court committed no error in refusing to dismiss the motion upon that ground.

(Syllabus by the Court.    Argued April 29, 1890.    Opinion filed Oct. 13, 1890.)

Appeal from district court, Hughes county. Hon. JAMES SPENCER, Judge.

Action against the sheriff of Hughes county, South Dakota, for conversion of certain personal property. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

The facts are fully stated in the opinion.

*Charles H. Burke* (*Walter C. Fawcett, of counsel,*) for appellant.

The notice of intention to move for a new trial is jurisdictional. It must inform the adverse party whether the motion for a new trial will be made upon a statement of the case, *or*

a bill of exceptions *or* the minutes of the court. A notice of intention that the motion will be made npon a statement of the case the minutes of the court *and* a bill of exceptions is not sufficient. . Bear River Co. v. Boles, 24 Cal. 354; Coney v. Silverthorn, 9 Cal. 67; Calderwood v. Brooks, 28 Cal. 151. An order denying a motion for the vacation of an attachment is no bar to an action for damages caused by the attachment. The doctrine of *res judicata* applies only to judgments rendered in an action and not to mere decisions on summary applications or interlocutory proceedings. Upon the question of additional exemptions appellant had a right to a trial by jury and to hold that the determination of the motion to vacate was a bar to this action would be to deprive him of this right. Bennett v. Denney, 33 Minn. 530; Bennett v. Denney, 128 U. S. 498; Van Renselaer v. Sheriff, 1 Cow. 443; Simson v. Hart, 14 Johns 74; . Wilcox v. Hawley, 34 N. Y. 658; Wilson v. Ellis, 30 Pa. 264; Baldwin v. Talbot, 4 N. W· 547; Bates v. Callender, 3 Dak. 257; Tasker v. Sheldon, 7 At. 762; Parsons v. Bedford, 3 Pet. 435.

*Crawford & De Land*, for respondent.

The respondent's notice of intention to move for a new trial was sufficient. Heinlen v. Heilbrun, 12 Pac. 673; Hart v. Kimball, 13 Pac. 852; Garner v. Gillen, 20 Pac. 654. An order denying a motion to dissolve an attachment is a bar to an action for damages arising from the attachment. The doctrine of *res judicata* applies. Howell v. Kingsbury, 15 Wis. 272; McCullough v. Clark, 41 Cal. 298; Dwight v. St. John, 25 N. Y. 203; Bank v. Upham, 14 Wis. 796; Culvers v. Hitchcock, 19 Wis. 342; Freeman on Judg., § 325; Pellarsells v. Allen, 10 N. W. 261; Commissioners v. Lucas, 93 U. S. 113; Wells on Res Judicata, 56, 58, 363, 365; Demorest v. Day, 32 N. Y. 290; Supervisors v. Briggs, 2 Den. 33.

CORSON, P. J. This is an action brought by the plaintiff against the defendant, as sheriff of Hughes county, to recover the value of certain personal property, alleged to have been wrongfully taken and converted by the defendant, claimed by plaintiff as exempt property under the provisions of the stat-

ute providing for additional exemptions. The defendant justi-
fied his taking and detention of the property under and by vir-
tue of a warrant of attachment issued out of the district court
of said Hughes county, in an action wherein William E. Saw-
yer *et al.* are plaintiffs, and James Hall (the plaintiff herein)
is defendant; and also under and by virtue of a decision and
order of the district court made in said action denying defend-
ant's motion to discharge the said attachment. A trial was
had in the district court, resulting in a verdict and judgment
for the plaintiff. On motion, a new trial was granted in the
court below, and a second trial had, resulting in a verdict and
judgment for defendant; and from this judgment the plaintiff
appeals to this court, for a review, not only of the errors in
law alleged to have occurred on the second trial, but a review
also of the order granting a new trial.

The action of Sawyer *et al.* v. Hall, which we shall here-
after designate as the "attachment suit," was commenced on
the 7th day of September, 1886, and the property in contro-
versy in this action was seized under the warrant of attach-
ment issued in that action about the 9th of that month. One
of the grounds for the attachment set forth in the affidavit for
the same was that the debt on which the attachment suit was
brought was incurred for property obtained under false pre-
tenses, and this allegation in the affidavit was recited, in the
warrant of attachment, as one of the grounds on which the
warrant was issued. Hall, through his agent, took the proper
proceedings to obtain out of the property attached his addi-
tional exemptions, under the statute, but the sheriff refused,
either to have the property appraised or to deliver it up. Hall
thereupon gave notice of a motion to discharge the attachment,
which was heard by the court and denied, but with leave to re-
new the motion. Subsequently, in October, 1886, a new motion
to vacate, discharge, and dissolve the attachment was given,
and the second ground on which the motion was based, as
stated therein, was as follows: "That each and every allega-
tion contained in said affidavit, except the allegation of indebt-
edness therein contained, are false." On this motion, a hear-

ing was had before the court, in which a large mass of evidence,
in the form of documentary evidence and affidavits, was pre-
sented by the respective parties, and the court, after a full con-
sideration of the motion, decided it against the defendant Hall,
and on December 10, 1886, made an order in which, after vari-
ous recitals. is the following: "It is hereby ordered and ad-
judged that said motion be, and the same is hereby, denied,
and said attachment is hereby sustained on the grounds, first,
that the defendant has assigned and disposed of his property
with intent to defraud his creditors; and on the further ground
that the debt herein sued on was incurred for property obtained
under false pretenses." Subsequently, to the above-mentioned
hearing and order, the plaintiff herein (Hall) again demanded
an appraisement, and the setting apart of his additional ex-
emptions, which being refused by the sheriff, he commenced
this action, before the issuance of an execution in the attach-
ment suit, and while the sheriff still held the property under
his warrant of attachment. On the first trial of this action the
court refused to admit in evidence the order of the court of
December 10th, a part of which is above given, denying the
motion to d'scharge the attachment; and this refusal was the
ground mainly relied on in the motion for a new trial, and the
ground upon which the new trial was granted. On the second
trial the court not only admitted this order in evidence, but
held it conclusive of the fact that the debt, on which the war-
rant of attachment was issued, was incurred for property ob-
tained under false pretenses, and a bar to plaintiff's action,
and directed the jury to render a verdict for the defendant.

Section 5139, Comp. Laws, in relation to exemptions, is as
follows: "No exemptions, except the absolute exemptions,
shall be allowed any person against an execution or other pro-
cess issued upon a debt incurred for property obtained under
false pretenses." The assignment of errors is as follows:
"*First.* The court below erred in entertaining and in refusing
to dismiss defendant's motion for a new trial, inasmuch as the
defendant's notice of intention to make said motion failed to
specify whether the same would be made upon the minutes of

the court, a bill of exceptions, or a statement of the case.
*Second.* The court below erred in allowing defendant's motion
for a new trial, inasmuch as the same was allowed upon the
ground of error of law occurring at the trial of said action, and
excepted to by the party moving for a new trial; and no such
error appears from the record. *Third.* The court below erred
in allowing defendant's motion for a new trial, on the ground
that there was error of law by the court below in excluding the
order made by the Hon. LOUIS K. CHURCH, J., on the 10th day
of December, 1886, sustaining the attachment proceedings un-
der which the defendant seized the property in controversy,
the court below having correctly decided in excluding said or-
der. *Fourth.* The court below erred upon the second trial of
this action in admitting as evidence the order mentioned in the
last assignment. *Fifth.* The court below erred upon the sec-
ond trial of said action in holding that the order mentioned in
the last two assignments was a conclusive bar to this action,
and upon this ground in directing the jury to find a verdict for
the defendant. *Sixth.* That the judgment of the court below
should have been for the plaintiff, and against the defendant,
according to the law of the land."

On the hearing in the court below of the motion for a new
trial, the appellant moved to dismiss the motion, upon the
ground that, in the notice of intention to move for a new trial,
the moving party specified that the motion would be based
"upon the minutes of the court, and upon a bill of exceptions to
be thereafter settled in the case," which motion to dismiss was
denied. The learned counsel for appellant contend that such
a motion was insufficient, and that the moving party must spe-
cify whether the motion will be based upon the minutes of the
court, or a bill of exceptions, or a statement, and that a con-
junctive statement left the appellant in as much doubt as would
a disjunctive one. Section 5090, Comp. Laws, provides that
"the party intending to move for a new trial must, within
twenty days, * * * serve upon the adverse party a notice
of his intention, designating the statutory grounds upon which
the motion will be made, and whether the same will be made

upon affidavits, or the minutes of the court, or bill of exceptions, or a statement of the case." The learned counsel for the respondent contend that only the first clause relating to the time within which the notice must be given is mandatory, and that the latter clause is directory only, and that the notice given was, in form, a substantial compliance with the statute. We think the counsel are correct. The appellant had full notice that all the statutory methods of proceeding to obtain a new trial would be relied on, and when respondent elected which of the two methods he would pursue, such an election was an abandonment of the other method specified in his notice. We fail to see how the appellant could in any manner be prejudiced by such notice and election under it. It frequently happens, as in this case. that the notice is given before the bill of exceptions or statement is settled, and the moving party may be uncertain whether or not the bill of exceptions or statement can be settled before the motion for a new trial can be heard. If it cannot, for any reason, be settled before the motion is heard, he may be compelled to rely upon the minutes of the court. If settled, he would, naturally, rely upon his statement, or bill of exceptions, on the hearing. This question, under a similar if not a statute identical with our own, was before the supreme court of California, in Hart v. Kimball. 72 Cal. 284, 13 Pac. Rep. 852, in which the court says: "The respondent contends that the appeal from the order first mentioned should not be considered, for the reason, as he alleges, that the notice of motion for a new trial specified that such motion would be made, not only upon the minutes of the court, but also upon a bill of exceptions and a statement of the case, and that, therefore, the statement upon which the motion was heard by the trial court should have been disregarded, since the moving party relied upon that method of procedure, and did not file any affidavits or use the minutes of the court. We do rot concur in this view of the law, for the respondent had full notice that all the statutory methods of procedure to obtain a new trial would be adopted by the appellants; and, when they elected which of such methods they would pursue, such election was their privi-

lege, and did not prejudice, in any way, the rights of the re-
spondent, the other methods being thereby abandoned." The
same question was also before the supreme court of Montana
in a late case, also under a similar statute (Gamer v. Glenn,
20 Pac. Rep. 654,) in which the court says: "Particular stress
is laid upon the use of the words, 'option of the moving party,'
and the disjunctive word, 'or,' connecting the several grounds
upon which the motion may be made. We do not think this
construction tenable. While the appellant may select any one
ground given by the statute, and rely upon it alone, he cer-
tainly is not precluded from relying upon two or more, or all
of them, if, in his judgment, the necessities of his case require
it. And if he sees fit to rely upon one ground, and abandon
the others, when he comes to file his motion for a new trial, he
can then elect to do so. To notify the respondent that he in-
tends to rely on all of them cannot prejudice his rights in any
manner that we can see. If he were to put his notice in the
alternative, and thus leave it uncertain which of the grounds
he relied on, this would be objectionable." We are of the opin-
ion, therefore, that the court committed no error in denying
appellant's motion.

   This brings us to a consideration of the main question in
this case, and that is whether or not the court erred in grant-
ing the new trial, and in holding on the second trial that the
order of December 10th was admissible in evidence, and a bar
to this suit. All the assignments of error on this branch of the
case will be considered together, as they really present but the
one question. It is earnestly contended by the learned coun-
sel for the appellant that such an order and decision of the dis-
trict court, made upon a motion to discharge the attachment,
cannot be a bar to this action, because upon the question of
plaintiff's additional exemptions, under the law, he had the con-
stitutional right of a jury trial, and that the effect of the de-
cision of the district court in this case would be to deprive him
of that right; and, further, that it is only judgments rendered
in an action that can have the effect of *res adjudicata*, and be
pleaded in bar to an action. While the appellant would, un-

doubtedly, have had the right to a jury trial in case he had sought his remedy in a different proceeding, and at the proper time, he could waive his right, either in an action commenced in the proper court or by a proceeding in which he seeks to have an adjudication by the court of the question, without the intervention of a jury. Such, we think, was the case here. Appellant made his motion to vacate the attachment proceedings before the court, and on that motion presented, and had determined, the question, as to whether or not the debt for which the attachment was issued "was incurred for property obtained under false pretenses," and the court, having heard all the evidence adduced by the respective parties, and the arguments of counsel, determined that question against the appellant, the defendant in that action. The motion and hearing by the court for the discharge of the attachment was a proceeding authorized by the statute, and the determination of the motion was an adjudication by the court of a matter within its jurisdiction where the duty of hearing and deciding the questions presented by the motion was by law imposed upon the court. By Section 5011, Comp. Laws, it is provided that, "in all cases, the defendant * * * may move to discharge the attachment; if the motion be made upon affidavits on the part of the defendant, * * * but not otherwise, the plaintiff may oppose the same by affidavits or other proof in addition to the affidavit on which the attachment was granted, and in such case the defendant * * * may sustain the motion by affidavits or other proof in rebuttal of the affidavits or other proof offered and submitted on the part of the plaintiff to approve the motion." It will thus be seen that a full and thorough investigation of the facts is provided for on the hearing of the motion. Affidavits, documentary and oral evidence, may be given on either side. In addition to a full hearing in the court below, an appeal to this court is provided for. In Bank v. Carroll, 44 N. W. Rep. 723, this court held that an order discharging, continuing, refusing, or modifying an attachment is appealable, and that an appeal may be taken from such an order before judgment upon the main issue in the original

cause of action. In that case, the court, speaking through Mr. Justice BENNETT, says: "The primary object of the act was to give the right of appeal from all orders granting, refusing, continuing, or modifying a provisional remedy, or setting aside or dismissing a writ of attachment for irregularity. The words 'granting,' 'refusing,' continuing,' or 'modifying,' taken collectively, may embrace, and without doubt were intended to cover, all the proceedings that might be instituted in any provisional remedy; that is, anything which pertains to the granting of an attachment, it being a provisional remedy, or the refusing to grant it, or to any proceeding or order which after its issuance continued its life or existence, or that in any way modified or discharged it." The decision of the court, then, on that motion, being made upon a full hearing of the motion, and from which an appeal could have been taken, had the appellant so desired, should we think, be held conclusive of the matters adjudicated, upon all parties in that action, at least during its pendency.

What could have been the object the law-makers had in view in specifically providing for this motion to discharge the attachment, if the decision of the motion when made was not to be regarded as an adjudication of the matters submitted to the court, upon the motion? This court had occasion to consider the effect of an appealable order in the case of Weber v. Tschetter, 1 S. D. 205, in which the court, speaking through Mr. Justice KELLAM, says: "We think that where an issue of fact is distinctly and formally presented to the court for determination, as a means of fixing the legal rights of the parties, the supporting evidence of both sides duly considered, and from which determination either party may appeal, the decision of the court upon such issue ought to be held conclusive and final, without regard to the form in which such issue is presented, whether by action or motion, the important matter being that the issue be well defined, so as to preclude doubt as to what question was before the court; that it be fully heard and litigated, each side having an opportunity to be heard; and that the court should judicially pass upon and decide it. This being done,

the determination as to the facts and rights involved should be final. In Wilson Co. v. McIntosh, (Kan.) 1 Pac. Rep. 572, the court (BREWER, J.) says: "We think there is a growing disposition to enlarge the scope of the doctrine of *res adjudicata*, and to place more regard on the substance of the decision than on the form of the proceedings. One thing which indicates this is the increased facility of review in the appellate courts. * * * Now, that the decision of a motion can be preserved in a separate record, and taken up by itself, presupposes a full and careful consideration in both the trial and appellate courts; and, when that is had, it would seem that the question thus separately and carefully considered should be finally disposed of, and not be thrown back for further litigation at the mere caprice of either party.' In Mabry v. Henry, 83 N. C. 298, it is said: 'The principle of *res adjudicata* does not extend to ordinary motions incidental to the progress of a cause, * * * but it does apply to decisions affecting a substantial right subject to review in an appellate court.' In Dwight v. St. John, 25 N. Y. 203, the order of the court denying a motion to cancel a judgment entered by confession, being appealable as affecting a substantial right, was held conclusive between the parties as to all matters actually involved and tried. 'The reasons assigned for investing courts with a discretionary power in rehearing matters decided upon motion, are applicable only to those proceedings from which no redress can be obtained by appeal.' Freem. Judgm. § 325," McCullough v. Clark, 41 Cal. 298.

In this case, at the time the action was commenced, the defendant, as sheriff, was holding this property, not only under his warrant of attachment by which he was informed that this property was not exempt, because the debt had been incurred for property obtained under false pretenses, but under the order and decision of the court, out of which his writ had issued, adjudicating that such was the fact. If an officer cannot be protected under such circumstances there must be a defect in the law; for, being advised both by his warrant of attachment and the decision and order of the court that the property could

not be claimed as exempt property, he certainly could not have proceeded to have it appraised or deliver it up to the defendant. We think the law is not chargeable with such injustice, and must hold that, in this case, the order of the court protected him. What effect we would give the order had the plaintiff waited until an execution had been issued in the attachment suit and had claimed his exemptions under the execution, we do not here decide, leaving that question to be determined when it properly arises. The case of Bennett v. Denny, decided by the supreme court of Minnesota, (33 Minn. 530, 24 N. W. Rep. 193) and by the supreme court of the United States on writ of error, (128 U. S. 498, 9 Sup. Ct. Rep. 134), is confidently relied on by the learned counsel for appellant, as sustaining the appellant's view in this case. We think, however, that on a careful examination of that case, it will be found that it is materially different from the case at bar, and that the principle upon which it was decided has no application to this case. That was a case where a United States marshal had levied upon property under a writ of attachment issued out of the United States circuit court. The property was claimed by an assignee, under an assignment made under the state laws of Minnesota. In deciding the motion, Justice NELSON, of the United State district court, says: "It is by virtue of this seizure that the marshal holds the property. On this statement of the facts, I shall not decide on this motion who has the better title and right to the possession of the property taken. * * * The writ of attachment properly issued in this suit against the debtor, and if the marshal has seized the property which belonged to Bennett, he is certainly liable in an action of trespass for the damages thereby sustained." The question, therefore, of the right of the assignee to the property, as between himself and the marshal, was not adjudicated, and the court did not intend to pass upon or determine that question, but intended to do as it did do —leave it to be adjudicated in the proper suit between the marshal and assignee. In the case at bar the court does determine and adjudicate the rights of the party to the exemption by de-

termining that the debt for which the property was held was incurred for property obtained under false pretenses, which, as we have seen by Section 5130, Comp. Laws, precludes a party from claiming additional exemptions under the statute. The order of the court would be a bar to any new motion to discharge the attachment, and must be equally a bar to a suit brought against the officer while he still holds the property under his warrant of attachment, which the court had refused to discharge, because the property was not exempt property. We are of the opinion, therefore, that the court committed no error in granting the new trial or in holding the order of December 10th a bar to this action. The judgment must therefore be affirmed, and it is so ordered. All the judges concurring.