## WHITTAKER v. WARREN.

1.  Where a motion to set aside a judgment is heard and determined on defendant's affidavit, which does not state facts sufficient to justify

granting the motion, the order made thereon is not an adjudication which will preclude a subsequent motion for such relief based on sufficient grounds, since, though such order is appealable, there were no issues of fact heard or determined on the motion.

2. On a motion to set aside a judgment, defendant's undisputed affidavit alleged that within thirty days after the summons was served he appeared in person; that plaintiff's attorney indorsed on the summons an acceptance of such appearance, and promised to serve the complaint on defendant; that no complaint was ever served, and defendant had a good defense to the action, and would have defended had the complaint beeen served, but had no knowledge or notice of any proceedings therein after such appearance until after the judgment. *Held*, that the motion should be granted and the judgment set aside.

3. Under Comp. Laws, § 4895, providing that, in an action where the complaint is not served with the summons, if defendant appears within thirty days, and, in writing, demands a copy of the complaint, a copy shall be served within twenty days, where defendant appeared in person, and plaintiff's attorney indorsed on the summons an acceptance of such appearance, and a promise to serve a copy of the complaint, the statutory provision that the demand therefor be in writing was waived.

4. Within thirty days after the summons was served, defendant appeared in person and demanded a copy of the complaint. The complaint was not served, or any notice of subsequent proceedings given to defendant. On the affidavit of plaintiff's attorney that defendant had not appeared, judgment was entered. More than a year after knowledge of the judgment, defendant moved to set it aside, setting up the facts with an affidavit of merits, and stating that on hearing of the judgment he consulted an attorney who advised him that the judgment so entered was fraudulent and void, and could not affect him or his property, and that he had relied on such advice. *Held*, that defendant's right to the relief was not limited to one year after notice, under Comp. Laws, § 4938, providing that a party might be relieved within such time from a judgment taken against him through his mistake, inadvertance, surprise, or excusable neglect, since the

judgment was obtained through the fraud of plaintiff's attorney, and not through any fault of defendant.

(Opinion filed June 12, 1901.)

Appeal from Lawrence county court. HON. WILLIAM A. RINEHART, Judge.

Action by Thomas Whittaker against Edson C. Warren. From an order setting aside the judgment and execution and a sale of property thereunder, and dismissing the action, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Temple & McLaughlin,* for appellant.

The rule is well established in this jurisdiction that where an issue is formally presented to the court and determined upon a full hearing of both sides, the same being subject to review by appeal, such determination is final and conclusive as to all matters necessarily embraced in such litigation without regard to the form of the proceeding, whether by action or motion. Webber et al. v. Tschetter et al., 1 S. D. 205, 46 N. W. 201; Hall v. Harris, 1 S. D. 279; Weller v. Hammer, 45 N. W. 427; Sullivan v. Ross, 71 N. W. 634; Granert v. Spaulding, 78 N. W. 616; Dick v. Williams, 58 N. W. 1029; Day v. Mertlock, 58 N. W. 1037.

Under the provisions of section 4939 of Compiled Laws of 1887, in an application of this character the showing must be clear upon two points to entitle the party to the relief, to-wit: He must show mistake, inadvertance, or excusable neglect, which would entitle him to the right to defend in the action, and when he has shown this with clearness it then becomes necessary to show the further additional fact that he has a meritorious defense. Pettigrew et al. v. City of Sioux Falls, 5 S. D. 646, 60 N. W. 27; Ganthier v. Russiska, 53 N. W. 80; Sargent v. Kindred, 63 N. W. 151.

*James P. Wilson,* for respondent.

The right to set aside a judgment procured by fraud is a common law power, possessed by the court as a part of its necessary machinery for the administration of justice. 1 Black on Judgments, §§ 298, 307; Gratton v. Matteson, 51 Ia. 622.

The court having power to set aside a judgment procured by fraud, certainly has power to set aside and vacate any and all proceeding had in the same court based on said fraudulent judgment.

The question of fraud which is open to examination in such a case, is, as to something which intervened in the proceedings, by which the judgment was obtained, and it must have occurred in the very concoction or procuring of the judgment, and not to have been known by the opposite party at the time, and for not knowing which, he is not chargeable with neglect or inattention. 1 Black on Judgments, § 370.

CORSON, J. This is an appeal by the plaintiff from an order made and entered on the 31st day of December, 1898, in favor of the defendant, vacating and setting aside the judgment entered in the action, the execution and sale of property made under the same, and dismissing the action. The order was made upon an affidavit on the part of the defendant, no rebuttal affidavit having been filed. The plaintiff and appellant relies for a reversal of the order upon the following grounds: (1) That an order was made in March, 1897, denying defendant's application to vacate and set aside the judgment upon substantially the same grounds as those stated in the motion made, resulting in the order appealed from, which order made at that time was an appealable order, and was therefore *res adjudicata* in the present application to vacate the judgment upon the same grounds; (2) that the showing made on the last motion is not sufficient, in any event, to entitle the defendant to the relief demanded;

(3) that the order appealed from was not made within one year after the defendant had notice of the entry of judgment.

The facts may be briefly stated as follows: An action was instituted by the plaintiff against the defendant August 15, 1895, by the service of a summons; and judgment was rendered thereon in November, 1895, and filed on December 4, 1896. An execution was issued on this judgment, and a levy made upon real property; and such proceedings were had thereunder that in March, 1897, the real property was sold for the full amount of the jugment, and bid in by the plaintiff, and certificate of sale issued thereon. In March, 1897, the defendant made a motion to vacate and set aside the said judgment, which upon the hearing was denied, and from the order denying that motion no appeal has ever been taken. In March, 1898, an application having been made for an order confirming said sale, the defendant filed objections to the confirmation of the sale, and moved the court to vacate and set aside the judgment and dismiss the action, and to set aside the sale and all proceedings had thereunder; and the same judge who made the order in March, 1897, refusing to vacate and set aside the judgment, made and entered the order appealed from, now under consideration.

The appellant contends that the order of March, 1897, concludes the parties, and estops the defendants from again litigating the question settled on that motion, and cites the decisions of this court in Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201, and Hall v. Harris, 1 S. D. 279, 46 N. W. 931, as sustaining his position. In the former case this court said: "We think that where an issue of fact is distinctly and formally presented to the court for determination, as a means of fixing the legal rights of the parties, the supporting evidence on both sides duly considered, and from which determination either party may appeal, the decision of the court upon such issue

ought to be held conclusive and final without regard to the form in which such action is presented—whether by action or motion; the important matter being that the issue be well defined, so as to preclude doubt as to what issue was before the court; that it be fully heard and litigated, each side having an opportunity to be heard; and that the court should judicially pass upon and decide it. This being done, the determination as to the facts and rights involved should be final." This must be regarded as the law in this jurisdiction; but it will be noticed that, in order that such a determination may be held to conclude the parties, issues of fact must be distinctly and formally presented to the court with the supporting evidence upon both sides, and duly considered. It will be noticed, further, that the issues must be well defined, so as to preclude doubt as to what question was before the court, and they must be fully heard and litigated. With this view of the law we will proceed to examine the questions presented by the record in this case.

Nothing is presented by this record relating to the first motion, made in March, 1897, except the notice of motion, affidavit of the defendant; and the order of the court. So far as the record discloses, no issue of fact was presented or determined on that motion, and we may reasonably assume from the record that the motion was heard and decided entirely upon the defendant's affidavit; and, from an examination of that affidavit, we may reasonably presume that the motion was then decided upon the ground that the affidavit did not state facts sufficient to entitle the defendant to an order in his favor. It is true, the motion in March, 1897, was made upon substantially the same grounds as the present motion, as far as relates to the judgment. But the affidavits on the two motions are essentially different. The affidavit made in 1897, states that the summons in the action was served upon the defendant on or about Au-

gust 5, 1895; that on or about September 4, 1895, the defendant called upon the atttorney for the defendant and notified him that he appeared personally in the action, and demanded a copy of the complaint; that the attorney accepted the personal appearance of the defendant, and indorsed upon the back of the summons the following: "The personal appearance of E. C. Warren is accepted; the complaint to be served upon him personally." This was signed by the attorney for the plaintiff. The defendant further states that no complaint in the action was ever served upon him, nor did he ever receive notice from the plaintiff that the plaintiff would apply to the court for judgment. He further states that no notice was ever served upon him that the judgment had been rendered, nor did he know that the execution had been issued thereon until he read in a newspaper the notice of execution sale, and that no notice of levy upon said real property under and by virtue of an execution had ever been served upon him. The defendant therefore asked that the judgment be vacated and set aside upon the ground that the same was obtained by fraud, and that said action be dismissed upon its merits for the reason that the complaint was not served upon him as required by law. In this affidavit the defendant makes no statement that he has any defense to the action, and that he was not indebted to the plaintiff in the amount claimed, and the affidavit is generally insufficient in its statements to entitle the defendant to the order demanded. It would seem, therefore, that the county court was fully justified, in denying the motion upon the ground of the insufficiency of the affidavit; and, as no affidavit on the part of the plaintiff or his attorney appears in the record, it would seem that no question was raised upon that motion in regard to the facts. The order made upon that motion, therefore, does not come within the rule laid down in either of the cases before cited. The affidavit made

upon the second motion is much more full and specific. In that affidavit the defendant not only makes the first affidavit a part of the second, but he sets out the further fact that the attorney for the plaintiff made and filed an affidavit that the defendant had not appeared in the action and demanded a copy of the complaint, and that no answer or demurrer had been served therein or appearance made in any manner by the defendant. He sets out the further fact that the original complaint and summons in the action were not filed in the office of the clerk of the court until the 4th of December, 1896. He further states that he has had at all times, and has now, a good and valid defense to the plaintiff's cause of action, and the whole thereof. He denies that he is indebted to the plaintiff in any sum whatever, and alleges that if the said plaintiff had served a copy of the complaint in said action, as he agreed to do, he would have appeared and put in a good and valid defense to said cause of action. The defendant further states that, by virtue of the agreement made by the said attorney that he would serve a copy of the complaint upon him personally, he expected for a long time that said complaint would be served upon him, and that when the same was not served he was led to believe said action had been discontinued. The defendant then proceeds to set out the issuance of an execution, and the sale of the property thereunder; that, as soon as he ascertained that said judgment had been entered against him through and by means of the false and fraudulent affidavit of plaintiff's attorney, he consulted an attorney, who informed him that said judgment was absolutely void and did not affect his property, by reason of the same having been obtained by fraud, and that there was no limitation of time in which he might commence proceedings to set aside said judgment; and the defendant had always relied implicitly upon the advice of his counsel. This affidavit, as before stated, was not

denied on the part of the plaintiff or his counsel by affidavit or otherwise, so far as the record discloses, and it is admitted by counsel in the brief that no affidavit was in fact made on the part of the plaintiff denying the facts therein alleged. It will thus be seen that a much stronger case is presented on the part of the defendant, and one which, uncontradicted, clearly entitles him to the order made, unless the further objection of counsel for the appellant that it was necessary for the defendant to make the motion within one year after he had notice of the judgment should prevail. It is contended on the part of the appellant that the application should have been made by the defendant to vacate and set aside the judgment within one year after notice thereof as provided by Section 4938, Comp. Laws. But, in our view, that section is not applicable to this case. The defendant, in his motion, was not asking to be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, but to set aside a judgment obtained fraudulently in law against him on the part of the plaintiff, through his attorney. The defendant had omitted to do no act required of him to be done, other that failing to make a written demand for a copy of the complaint; but this, as will be seen, was waived by the stipulation of the attorney, who agreed to serve a copy of the complaint personally upon the defendant, notwithstanding the demand was not in writing. Section 4895, Comp. Laws, provides: "A copy of the complaint need not be served with the summons. In such case the summons must state where the complaint is or will be filed; and if the defendant, within thirty days thereafter, cause notice of appearance to be given, and, in person or by attorney, demand in writing a copy of the complaint, specifying a place within the state where it may be served, a copy thereof must, within twenty days thereafter, be served accordingly, and after such service, the defendant has thirty days

to answer, but only one copy need be served upon the same attorney." It does not appear in this case that a demand in writing was made for a copy of the complaint, but this is a requirement that may be waived, and must be regarded as waived in this case, as the attorney, in writing upon the copy of the summons served, accepted the appearance of the defendant, and stipulated to serve the complaint upon him. The attorney, after making such a stipulation, could not disregard it, and could not legally take any further steps in the action on behalf of his client until he had served the defendant with a copy of the complaint. It is undisputed in this case that the attorney did not serve a copy of the complaint upon the defendant, and that he proceeded to make an affidavit stating that there was no appearance in the case on the part of the defendant. This may have been, and undoubtedly was, caused by some oversight or inadvertence on the part of the attorney, but it nevertheless had the effect to render voidable the judgment as against the defendant. We are clearly of the opinion, therefore, that the judgment entered under such circumstances was invalid as to the defendant, and that he was entitled to have the judgment set aside. 1 Black, Judgm. § 355.

Our conclusions are, therefore, that the order made on March 17, 1897, though an appealable order, was not conclusive upon the parties, as no issues are shown to have been raised or decided on that motion ; that the motion then made was properly denied on the ground that the affidavit upon which the same was made was clearly insufficient; that it is immaterial that the order of March 19, 1898, was not made within one year after notice of the entry of judgment; and that the statements made in the affidavit at that time are sufficient, uncontradicted, to entitle the defendant to the relief demanded. These conclusions lead to the affirmance of the order of December 31, 1898, appealed from, and the same is affirmed.