FARMERS' & MERCHANTS' STATE BANK OF HECLA, Respondent, v. MICHAEL, Appellant.

FIRST NATIONAL BANK OF HECLA, Respondent, v. Same, Appellant.

(153 N. W. 1008.)

(File No. 3856.   Opinion filed September 14, 1915)

1.  **Appeals—Appealable Order—Refusing Dissolution of Attachment.**
     An order refusing to dissolve an attachment is appealable.

2.  **Appeals—No Settled Record, Effect, on Motion to Dismiss Appeal—Affirmance.**
     Absence of settled record is a fact that cannot be taken advantage of on motion to dismiss appeal; but in such case, where errors complained of are such as can only be presented on settled record, judgment below will be affirmed.

3.  **Appeals—Order—Order Refusing to Dissolve Attachment—Settled Record, Procedure on.**
     If the order appealed from complies with Rule 5 of the circuit court, requiring, among other things, that there shall be

filed therewith the judge's certificate designating upon what such order is based; or, if the trial court fails to comply with such rule, and shall thereafter within proper time make and attach to the order a certificate covering any omissions in the order, there exists a "settled record," and it is not necessary that a record be settled pursuant to Laws 1913, Ch. 178.

**4.    Attachment—Appeal from Order Refusing to Dissolve—Effect of Dismissal of Action and Settlement of Case, on.**

Where, upon settlement of a cause of action in which the trial court had made an order refusing to dissolve an attachment, a stipulation of the parties was made recognizing the fact that an appeal from the order was to be taken, held, that such settlement and dismissal did not deprive defendant of his right to appeal from the order.

**5.    Attachment—Wrongful Attachment, Defendant's Right to Damages—Liability on Cause of Action as Related to.**

Where an attachment was not warranted by existing facts, its issuance and levies thereunder violated defendant's rights, for which he could recover damages, regardless of his liability upon the causes of action set forth in the complaint.

McCoy, P. J., and Smith, J., not sitting.

Action by the Farmers' & Merchants' State Bank of Hecla, and by the First National Bank of Hecla, against J. L. Michael, the causes of action involved having been settled and action dismissed pending appeal from orders refusing to dissolve attachments in the suits. From such orders, defendant appeals in each case. Motions to dismiss appeals denied.

*Amos N. Goodman,* and *Thomas L. Arnold,* for Appellant.

*Buell F. Jones,* for Respondents.

WHITING, J.    These actions are before us upon orders to show cause, each requiring the appellant to show cause, if any there be, why the appeal should not be dismissed. The appeal in each case is from an order of the trial court refusing to dissolve an attachment which had been issued in said action and levied upon defendant's property, and the two records present the same facts. The grounds upon which the dismissal of each appeal is asked are:  (1) That the order appealed from is not an appealable order; (2) that there is no settled record upon which the appeal can be based; and (3) that the main action herein has been settled by and between the parties by the payment of the amount prayed for in the complaint, together with the costs.

[1] The order appealed from is an appealable order. Que-

bec Bk. v. Carroll, 1 S. D. 1, 44 N. W. 723; Wyman v. Wilmarth, 1 S. D. 35, 44 N. W. 1151; Hall v. Harris, 1 S. D. 279, 46 N. W. 931, 36 Am. St. Rep. 730.

[2, 3] That there is no settled record is a fact that cannot be taken advantage of upon a motion to dismiss an appeal. In case there is no settled record, and the errors complained of are such as can only be presented upon a settled record, the appeal will not be dismissed, but the judgment below will be affirmed. Respondent seems to be of the opinion that the record for this appeal must be settled in accordance with the provisions of chapter 178, Laws of 1913. If the order appealed from complies with the provisions of rule 5 of the circuit court (22 S. D. 1), or if the trial court, failing to comply with such rules, thereafter and within proper time made and attached to such order a certificate covering any omissions in such order, there exists a "settled record" sufficient for the purposes of this appeal."

[4, 5] Each action was settled and dismissed under and pursuant to a stipulation whereby the parties recognized the fact that an appeal was to be taken from the order refusing to vacate the attachment. Respondent contends that as soon as a cause was settled and the attachment vacated there was left nothing to appeal from; that, if appellant desired to appeal from the order dissolving the attachment, he should not have voluntarily settled the main action. With such contention we cannot agree. Appellant did not question his liability on the causes of action, but did question the right of the respondent to have his property attached. If the attachments were not warranted by the existing facts, their issuance and the levies thereunder were clear violations of appellant's rights, for which he would be entitled to recover damages, regardless of his liability upon the causes of action set forth in the complaint. Such damages might, in a given case, far exceed the amount of recovery sought by plaintiff. Certainly it is not the law of our land that a party is prevented from settling an honest debt at the earliest possible time, and with the least possible cost, simply because his creditor has wrongfully attached his property. Respondent has failed to cite us any authority whatsoever in support of his contention. Appellant did not lose his right to review the order of the court in the ancillary proceedings by settling the main action after such order had been made.

The order to show cause is dismissed, and the relief sought by respondent denied.

McCOY, P. J., and SMITH, J., not sitting.