WESTERN SURETY COMPANY, Appellant, v. BOET-
TCHER et al., Respondents.

(156 N. W. 68.)

(File Nos. 3845, 3846.    Opinion filed February 1, 1916.)

1. **Appeals—Order Refusing to Vacate Judgment—Appealable Order—Renewing Motion to Vacate—Jurisdiction—Res Judicata.**

   The denial of a motion to vacate a default judgment is not a final appealable order, so as to be res judicata and not subject to review by the trial court upon a subsequent motion to vacate the judgment; nor is the trial court thereby deprived of jurisdiction to amend its original order by granting, in its discretion, the moving party leave to renew the motion.

2. **Judgments—Vacation of Default Judgment—Judicial Discretion.**

   The granting of a motion to vacate a default judgment is a matter resting so largely in the discretion of the trial court, that the ruling will not be disturbed except for abuse of discretion.

3. **Setting Aside Default—Failure to Appear at Trial—Circuit Court Rules, Applicability of—Practice.**

   Under Circuit Court rule 10, requiring a party applying for leave to plead after statutory time, or to be relieved from a default judgment, to serve an affidavit of merits and a copy of a proposed pleading, and rule 11, specifying what the affidavit of merits should contain, only judgments on default for failure to answer are included; and a failure to comply with those rules in moving to vacate a default judgment rendered on failure of defendant's counsel to appear on the trial, does not preclude an order vacating a default.

4. **Judgment—Default Judgment—Vacation of—Neglect of Counsel—Inaccurate Court Calendar—Mislead Counsel—Imperfect Notice of Trial.**

   A showing on motion to set aside a default judgment, that notice of trial failed to state date of trial term; that counsel for defendant lived in a distant county from that in which the

case was for trial, and relied on an inaccurate court calendar as to the time when the trial term would occur, and promptly moved for vacation of judgment after learning of its entry, and was required to pay substantial terms on such vacation and being allowed to defend, was sufficient to warrant vacation of the judgment.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Western Surety Company, against Henry M. Boettcher and others. From an order granting defendant permission to move to vacate a default judgment for plaintiff, and from an order vacating such judgment, plaintiff appeals. Orders affirmed.

*Kirby & Kirby,* for Appellant.

*Bates & Bates,* and *E. B. Harkin,* for Respondent.

(1) To point one of the opinion, Appellant cited: Weber v. Tschetter, 1 S. D. 205-12; Hall v. Harris, 1 S. D. 279; Vert v. Vert, 3 S. D. 619; Travelers' Ins. Co. v. Weber, 50 N. W. (N. D.) 703; Dwight v. St. John, 25 N. Y. 203; 1 Herman on Estoppel and Judicata, Sec. 472, p. 569; Day v. Mertlock, 58 N. W. (Wis.) 1037; Wings v. Hooper, 4 S. E. (N. C.) 463.

Respondent cited: Fisk v. Hicks, 29 S. D. 399; Todd v. Todd, 7 S. D. 174; Clopton v. Clopton, 10 N. D. 569; Williams v. School District, (N. D.) 129 N. W. 1027; Johnston v. Brown, 115 Cal. 694; Reever & Co. v. Bert, (Colo.) 56 Pac. 985; State v. Dist. Court, (Mont.) 147 Pac. 614; Harris v. Brown, 93 N. Y. 390; Carlson v. Carlson, 49 Minn. 555; Hews v. Hews, (Mich.) 108 N. W. 694; 15 Ency. Pleading and Practice, 349, 14 id. 176.

POLLEY, P. J. [1] In this case an order was entered, on the 20th day of March, 1915, denying defendants' motion to vacate and set aside a judgment entered upon the failure of defendants, or their counsel, to appear at the time set for the trial of the cause. On the 18th day of May, upon the application of defendants, a second order was entered, adding the following amendment to the first:

"Permission is hereby granted defendants to renew their said motion to vacate and set aside said judgment."

From this order, plaintiff appealed; but the defendants, availing themselves of the permission granted by said order, renewed

their motion to vacate the judgment.   On the 30th day of June, an order was entered, vacating and setting aside the said judgment, and from this order plaintiff took a second appeal.

The only contention presented by the first appeal is that the order of March 20th was a final appealable order, and that the trial court was without jurisdiction to amend the same by giving defendants leave to renew their motion to vacate the judgment. This contention is based upon the theory that, upon the entry of the said order of March 20th, the matter of vacating the judgment became *res judicata* and was not subject to review by the trial court.   While, in the past, there has been some conflict of judicial opinion upon this subject, the question seems to have been put to rest in this state by the opinion of this court in Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424, Ann. Cas. 1914 D, 971.   In that case, a motion to vacate a default judgment and permit defendant to answer was denied.   Subsequently the motion was renewed and granted.   Both motions were based upon the same grounds and for the same relief.   And in Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562, 88 Am. St. Rep. 749, it is said:

"But it seems that the weight of authority, as well as the better opinion, is that a court of superior jurisdiction, unless restricted by statute, has such control of its own orders that it may vacate or modify the same in furtherance of justice, and also determine the conditions upon which they shall be operative.   Nor is the doctrine of *res judicata* applied to orders with the same strictness as to judgments."

The question involved on this apeal is so fully covered by what is said in the cases just cited that further discussion does not seem necessary.

[2, 3] The appeal from the order of June 30th presents the same question as the former appeal, and, in addition thereto, the sufficiency of the showing made by defendants in support of the motion to vacate the judgment.   Appellant contends that the said showing did not comply with the requirements of rule 11 of the rules of practice in the circuit courts.   To this contention there are two answers:   First, the granting or denying of an application for relief under this rule of practice is a matter that is vested so largely in the discretion of the trial court that the ruling of that court will not be disturbed by this court, except when it is made to

appear, by the complaining party, that there has been an abuse of such discretion. No such abuse is shown in this case. The second answer to appellant's contention is found in the fact that no default such as is contemplated by rules 10 and 11 existed in this case. An examination of these rules will show that they relate only to cases where a defendant is in default with his answer. In this case it appears that the defendants served and filed their answer—the sufficiency of which to constitute a defense to plaintiff's cause of action is not questioned by appellant—within the time allowed by law. The only default, if it can be called a default, was the failure of defendants' counsel to appear at the time the case was set for trial. So that it was the failure of counsel to appear at the trial, rather than defendants' failure to answer, that called for explanation and excuse.

[4] The circumstances which resulted in the failure to appear at the time set for the trial, as they appear from the affidavit of defendants' counsel, are as follows: After the case was at issue, appellant's counsel served upon respondents' counsel a notice of trial, which stated that the cause would be brought on for trial at the next term of the circuit court, but did not purport to give the date on which said term of court would be begun or held. The cause was pending in Minnehaha county. Defendants' counsel resides and practices law in Brown county, and was not familiar with the dates of the terms of the circuit court in Minnehaha county. In his office he had a directory, purporting to contain the names of state and county officers, the dates on which the various terms of circuit court were held in the different counties, etc. That he had used said directory on previous occasions and had found it to be generally correct; that, upon receipt of the said notice of trial, he turned to said directory to ascertain the date of the next term of the circuit court in Minnehaha county; that the date of said term of court was there stated to be the fourth Monday in the following April; that he believed the date so given to be the correct date, and that he had no knowledge or information to the contrary until he learned, on the 26th day of January, that judgment had been entered on the 22d day of January, and that, as a matter of fact, a regular term of said court was begun in Minnehaha county on the third Monday in January. We believe these circumstances, coupled with the fact that plaintiff did

not specify in his notice of trial the date on which the next term of court in Minnehaha county would be held, constitute a sufficient excuse for counsel's apparent neglect.   It is not claimed there was any unnecessary delay in moving for appropriate relief after it was learned that judgment had been entered; and, in view of the further fact that the court required a payment of $40 by defendants, to appellant, as a condition for vacating the judgment and allowing defendants an opportunity to come in and defend, we believe the trial court was fully warranted in granting defendants' motion.

A consideration of the other matters discussed by appellant is not necessary to a determination of the questions involved on these appeals, and need be given no further notice.

Both orders appealed from are affirmed.