SILVANDER, Appellant, v. MOLTHAN, Respondent.

(191 N. W. 837.)

(File No. 5106.   Opinion filed January 22, 1923.)

**Motions—Res Adjudicata—Pleadings—Granting Leave to File Supplemental Complaint Not a Litigation of Issues Raised Thereby.**

Granting leave to file a supplemental complaint over defendant's objection is not a litigation of the issues raised by him in opposition to it, so as to constitute res judicata of the defense so raised and prevent defendant from urging it on trial.

Appeal from Circuit Court, Deuel County; Hon. W. N. Skinner, Judge.

Action by J. A. Silvander against John H. Molthan. From an order denying plaintiff's motion to strike a portion of defendant's answer, he appeals. Order affirmed.

*E. A. Berke,* of Elkton, for Appellant.

*W. W. Knight,* of Clear Lake, for Respondent.

Appellant cited: Silvander v. Mothan, 183 N. W. 970; Weber v. Tschetter (S. D.), 46 N. W. 203; Ann. Cas. 1914D, 974; Wilson Co. v. McIntosh (Kan.), 1 Pac. Rep. 572; Mabry v. Henry, 83 N. C. 298; Dwight v. St. John, 25 N. Y. 203; Fiske v. Hicks, 137 N. W. 425; Halvorson v. Orinoco Mining Co. (Minn.), 95 N. W. 320; Truesdale v. Farmers Loan & Trust Co. (Minn.), 70 N. W. 568; Fitterling v. Welsch (Minn.), 79 N. W. 500; Sheilbley v. Cooper (Neb.), 113 N. W. 626.

SHERWOOD, J.   On October 25, 1919, plaintiff brought an action in the circuit court of Brookings county, later transferred to Deuel county, alleging he owned and had leased to defendant a certain farm for an agreed cash rental of $1,000; that such cash rental was due and wholly unpaid.   Defendant answered in due time, admitting the contract and the agreed cash rental, but specifically denied anything was due plaintiff under the terms of said contract at the time the action was brought, and alleged as a counterclaim misrepresentation and fraud in obtaining the contract by which defendant's damages exceeded the actual value of the cash rental.

Later, and on December 31, 1919, plaintiff asked leave of court to serve and file a supplemental complaint, in which, after setting forth the contract with defendant as before, he alleged that $500 of the $1,000 cash rental was to be paid December 1, 1919, and $500 was to be paid February 1, 1920; and further alleged on information and belief that defendant had sold and disposed of his property and all products of this farm and had removed, or was about to remove, his property from this state, and had himself left this state, all with intent to delay and defraud his creditors and especially this plaintiff; and, based upon such acts, plaintiff had declared entire rent due.

Defendant resisted this motion, but it was allowed by the court, and the order allowing such supplemental complaint was not appealed from.   Defendant seasonably thereafter demurred to this cause of action for want of facts, and on December 27, 1920, the demurrer was sustained by the circuit court.

On February 14, 1921, plaintiff appealed to this court from the order sustaining defendant's demurrer, which appeal is reported in 183 N. W. at page 970, and 44 S. D. at page 322.   On said appeal this court reversed the order of the trial court sustaining said demurrer.

Defendant then answered the supplemental complaint setting up in the third paragraph of his answer that the action was commenced by the service of summons on October 28, 1919, that the contract set forth in the supplemental complaint provided $500 should become due December 1, 1919, and $500 February 1, 1920, and therefore at the commencement of the action nothing was due from defendant to plaintiff, and the suit as to the first cause of action was prematurely brought.

Thereafter plaintiff moved to strike out all of said paragraph 3 of defendant's answer, alleging that the defense attempted to be set up therein was "irrelevant, immaterial, redundant, and sham," for the sole reason that whether or not the action was prematurely brought was considered on its merits and the substantial rights of the parties fully considered and settled on plaintiff's application to serve and file his supplemental complaint, and such application having been allowed by the trial court, and the order allowing the supplemental complaint to be filed not having been appealed from became res judicata as to defendant's right to plead or prove that the action was prematurely brought. The motion to strike was denied. Therefrom plaintiff appeals.

The sole question presented by this record is, Did the supplemental complaint so obtained and filed become res judicata against the defense that this action was prematurely brought? A careful reading of the main authority cited by plaintiff will show that the doctrine of res judicata as to motions applies only in cases "where a full hearing had been had * * * on a controverted question of fact," and only as to such facts as had been actually litigated as upon a motion to vacate an attachment or the service of a summons when a full hearing of both sides has been had upon the merits. A. & E. Ann. Cas. 1914D, 974, note; Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201.

A very careful examination of this record does not show that the defense that the action was prematurely brought was litigated or considered on its merits on plaintiff's motion to file his supplemental complaint. Granting leave to file a supplemental complaint is not a litigation of the issues raised thereby.

The order of the trial court is affirmed.

Note—Reported in 191 N. W. 837. See American Key-Numbered Digest, Motions, Key-No. 64, Res Judicata, 1924 Ann. to 34 Cyc. 1666.