FIRST NATIONAL BANK & TRUST CO., Respondent, v. KIRBY, Appellant.

(253 N. W. 616.)

(File No. 7501. Opinion filed March 19, 1934.)

*Danforth & Davenport,* of Sioux Falls, and *W. A. Bauman,* of Vermillion, for Appellant.

*Gunderson & Gunderson,* of Vermillion, and *Max Royhl,* of Huron, for Respondent.

ROBERTS, P. J.   The plaintiff brought this action to recover on a promissory note and at the time of the commencement of the action procured from the clerk of courts a warrant of attachment.   Under the warrant the sheriff on May 28, 1932, levied on the stock of merchandise and fixtures in defendant's place of business in Vermillion.   Thereafter the defendant secured an order to show cause why the attachment should not be vacated and dissolved.   Counter and reply affidavits were served and filed, and after hearing the circuit court entered an order, dated June 15, 1932, vacating and dissolving the attachment.   The court in its

order directed the sheriff "to release said attachment and all proceedings taken thereunder and return to the defendant any and all property held" by virtue of the attachment. The sheriff complied with such order by returning the attached property to the defendant.

Thereafter on June 30, 1932, plaintiff obtained an order granting leave to file and serve additional showing and requiring the defendant to show cause why the order of June 15, 1932, should not be vacated and why the court should not enter its order denying the motion of the defendant previously made for the dissolution of the attachment. No counter affidavits on the merits were filed, but defendant relied upon the failure of the sheriff to file with the clerk of courts within 20 days after levy an inventory and return and upon showing that the additional evidence submitted was available and known to plaintiff and its attorneys at the time of the first hearing. The court heard the motion to reinstate the attachment and on September 15, 1932, entered an order vacating the order of June 15th and denying the motion of the defendant to vacate and dissolve the attachment. This appeal is taken by the defendant from such order.

■■ The remedy by attachment is ancillary to an action by which a plaintiff is enabled to acquire a lien upon the property or effects of a defendant for the satisfaction of a judgment which plaintiff may obtain. It is classified under the provisions of the Code as one of the provisional remedies in civil actions. Charles Mix County Bank v. Calta, 45 S. D. 564, 189 N. W. 527. That the order vacating and dissolving the attachment was such an order from which an appeal might have been taken admits of no doubt; as declared by statute, an order is appealable when it grants, refuses, or modifies a provisional remedy. Subdivision 3, §3168, Rev. Code 1919; Farmers' & Merchants' State Bank v. Michael, 36 S. D. 172, 153 N. W. 1008, and cases cited. No appeal was perfected and no undertaking as provided by section 3160, Rev. Code 1919, was furnished to continue in effect the attachment pending an appeal. The claim of the defendant is that the order vacating and dissolving the attachment is final.

It appears from the record that defendant denied the existence of the facts stated in the affidavit upon which the warrant of attachment issued, and the one question for determination by the

trial court was whether facts existed upon which the attachment might issue. The order of June 15, 1932, vacating and dissolving the attachment, recites that certain affidavits were presented and that the order was made upon the files and records including such affidavits. This decision was, in other words, based upon the merits, and not upon any irregularity in the proceedings. Referring to cases supporting the rule that the doctrine of res judicata does not apply to a decision of a motion, this court in the early case of Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201, 203, said: "Respondent insists that the doctrine of res adjudicata does not apply to motions, and cites a number of authorities to support such view. Some of these cases do state such rule in general terms. Most of them, however, are cases of motions addressed to the discretion of the court, not involving strict legal rights, nor subject to review on appeal. We think that where an issue of fact is distinctly and formally presented to the court for determination, as a means of fixing the legal rights of the parties, the supporting evidence of both sides duly considered, and from which determination either party may appeal the decision of the court upon such issue ought to be held conclusive and final, without regard to the form in which such issue is presented,—whether by action or motion; the important matter being that the issue be well defined, so as to preclude doubt as to what question was before the court; that it be fully heard and litigated, each side having an opportunity to be heard; and that the court should judicially pass upon and decide it. This being done, the determination as to the facts and rights involved should be final. In Wilson County Com'rs v. McIntosh, 30 Kan. 234, 1 P. 572, the court (Brewer, J.) says: 'We think there is a growing disposition to enlarge the scope of the doctrine of res adjudicata, and to place more regard on the substance of the decision than on the form of the proceedings. One thing which indicates this is the increased facility of review in the appellate courts. * * * Now that the decision of a motion can be preserved in a separate record, and taken up by itself, presupposes a full and careful consideration in both the trial and appellate courts; and, when that is had, it would seem that the question thus separately and carefully considered should be finally disposed of, and not be thrown back for further litigation at the mere caprice of either party.' In Mabry v. Henry, 83 N. C. 298, it is said: 'The principle of res

adjudicata does not extend to ordinary motions incidental to the progress of a cause, * * * but it does apply to decisions affecting a substantial right subject to review in an appellate court.' In Dwight v. St. John, 25 N. Y. 203, the order of the court denying a motion to cancel a judgment entered by confession, being appealable as affecting a substantial right, was held conclusive between the parties as to all matters actually involved and tried. 'The reasons assigned for investing courts with a discretionary power in rehearing matters decided upon motion are applicable only to those proceedings from which no redress can be obtained by appeal.'" Similarly it was held in Hall v. Harris, 1 S. D. 279, 46 N. W. 931, 933, 36 Am. St. Rep. 730, that a decision on a motion to dissolve an attachment is conclusive of the facts on which it is based. In that case, this court, speaking through Mr. Justice Corson, said: "The motion and hearing by the court for the discharge of the attachment proceeding was authorized by the statute, and the determination of the motion was an adjudication by the court of a matter within its jurisdiction where the duty of hearing and deciding the questions presented by the motion was by law imposed upon the court. By section 5011 (section 2448, Rev. Code 1919), Comp. Laws, it is provided that, 'in all cases, the defendant * * * may move to discharge the attachment; if the motion be made upon affidavits on the part of the defendant, * * * but not otherwise, the plaintiff may oppose the same by affidavits or other proof in addition to the affidavit on which the attachment was granted, and in such case the defendant * * * may sustain the motion by affidavits, or other proof in rebuttal of the affidavits, or other proof offered and submitted on the part of the plaintiff to approve the motion.' It will thus be seen that a full and thorough investigation of the facts is provided for on the hearing of the motion. Affidavits, documentary and oral evidence, may be given on either side. In addition to a full hearing in the court below, an appeal to this court is provided for. * * * The decision of the court, then, on that motion, being made upon a full hearing of the motion, and from which an appeal could have been taken, had the appellant so desired, should, we think, be held conclusive of the matters adjudicated, upon all parties in that action, at least during its pendency."

But an order, as indicated in Weber v. Tschetter,

supra, made in a pending action involving a question of practice or appealing to the discretion of the court, is not an adjudication preventing the renewal of the motion. Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424, Ann. Cas. 1914D, 971; Western Surety Co. v. Boettcher, 36 S. D. 583, 156 N. W. 68, 69; Olson v. Advance Rumely Thresher Co., 43 S. D. 90, 178 N. W. 141. Hence the principle has a limited application. It extends to an order affecting substantial rights, fully litigated, and from which an appeal lies. It is conclusive only as to facts which have been actually litigated and on which a full hearing has been had, and not to matters which might have been determined. Silvander v. Molthan, 46 S. D. 231, 191 N. W. 837.

▇▇ A defendant or any person who has acquired a lien upon or interest in defendant's property after it has been attached may move for a dissolution of an attachment upon the grounds of irregularities or defects in the proceedings to procure the issuance of a warrant of attachment, and the insufficiency of the grounds of the attachment stated, in the affidavit on which warrant was issued. Section 2448, Rev. Code 1919. An attachment being a creature of statute is operative and existent no longer than the statute may provide, but whether an order of dissolution from which no appeal is taken in due time so terminates the attachment proceedings as to divest a trial court of jurisdiction to set aside the order of dissolution on rehearing, we need not determine. We may concede, for purposes of decision, that the entry of an order dissolving an attachment does not preclude under proper circumstances a motion to set aside the order or a rehearing. It is the settled law of this jurisdiction that where an issue of fact is distincly and formally presented to the court for determination as a means of fixing the legal rights of the parties and from which determination either party may appeal, the decision of the court upon such issue actually litigated is binding upon the parties and conclusive to that extent. Weber v. Tschetter, supra; Hall v. Harris, supra; Whittaker v. Warren, 14 S. D. 611, 86 N. W. 638. A warrant of attachment was issued upon the affidavit of the president of plaintiff corporation stating that "the defendant has secreted, encumbered, transferred or otherwise disposed of, or is about to secrete, encumber, transfer or dispose of a stock of merchandise and other property with intent to defraud and/or delay his creditors and/or plain-

tiff herein." Defendant in support of his motion to dissolve the attachment presented his affidavit denying specifically the allegations in the affidavit upon which the warrant of attachment issued. Answering affidavits were filed, and the issue of fact was fully presented before the trial court as to the truth or falsity of the substantive ground alleged in the affidavit for which the warrant had been issued. After full hearing on the motion, an order dissolving the attachment from which an appeal to this court could have been taken was entered. The affidavits in support of the second motion presented additional or cumulative evidence on the issue before the court on the first motion. Such affidavits did not present a new state of fact arising subsequent to the first hearing or unknown at that time to the plaintiff or giving rise to questions undetermined. An affidavit of one of the attorneys for the plaintiff presented in support of the second motion states that "affiant and the officers of the plaintiff bank, by inadvertence, oversight and mistake failed to present to the court matters now covered by the affidavit of C. H. Barrett, additional affidavits covering new matter by W. H. Jarmuth, Geo. K. Brosius, E. M. Hart, and exhibits 'A' and 'B,' and in order to have a fair and proper hearing on said matters involved, and in order not to jeopardize the rights of the plaintiff, all of said matters should be presented to the court, that the affiant thought that said matters were included in the former presenation, but finds that they were not, and that the failure to so submit was through oversight, inadvertence and mistake, and that said matters are now presented to the court in good faith and for the purpose of a just and proper disposition of the matter." In Hall v. Harris, supra, defendant justified his possession of certain personal property under an attachment proceeding; one of the grounds set forth in the affidavit for attachment was that the debt on which the attachment proceeding was brought was incurred for property obtained under false pretenses. The defendant moved to discharge the attachment which was heard by the court and denied, but with leave to renew the motion. A subsequent motion to discharge the attachment was made, and the court finding that the debt sued on was incurred for property obtained under false pretenses denied the motion. The defendant in the attachment proceeding instituted the action referred to against the sheriff to recover the value of the property attached, alleging the same to be

exempt property and to have been wrongfully converted. The lower court admitted in evidence the second order and ruled that it was conclusive of the fact that the debt for which the warrant of attachment was issued was incurred for property obtained under false pretenses. The order being made upon a full hearing and from which an appeal could have been taken, this court held, was "a bar to any new motion to discharge the attachment."

Plaintiff in the instant case sought on the rehearing a retrial of the question before the court on the first motion to discharge the attachment. Hence, we conclude that the determination of the question, fully litigated with right of appeal, was conclusive and the court erred in granting a rehearing.

It is unnecessary, therefore, to consider the contention of counsel that under the decision of this court in Interstate Surety Co. v. Bangasser, 50 S. D. 618, 211 N. W. 599, the attachment proceedings became void abinitio upon the failure of the sheriff to file inventory and return within twenty days after levy and that the court was without jurisdiction to reinstate an attachment which had been rendered void.

The order appealed from is reversed.

All the Judges concur.