(Opinion published 52 N. W. Rep. 214.)

---

CHARLES CARLSON *vs.* PETER CARLSON *et al.*

Argued April 25, 1892. Decided May 16, 1892.

**Practice—Renewal of a Motion without Leave.**—Where a motion has been fully heard and determined, it cannot be renewed, and the same questions again raised, except on leave of the court first had and obtained.

Appeal by defendants, Peter Carlson, Swan Carlson, and Aaron Olson, from an order of the Municipal Court of the City of Duluth, *Morris,* J., made January 14, 1892, denying their motion to set aside a judgment against them.

The plaintiff, Charles Carlson, obtained judgment in the Municipal Court of Duluth on June 2, 1890, against defendants for $198.61 upon

contract.    The defendants were served with summons, but did not appear or answer.    On November 24, 1891, the two Carlsons moved that court on affidavits to correct the judgment, and reduce the amount to $18.50.    This motion was denied.    On December 1, 1891, all the defendants moved the court to vacate the judgment, and for such further relief as to the court should seem meet.    This motion was denied.    On December 30, 1891, the defendants again moved that court to vacate the judgment.    This motion was also denied, and from this denial this appeal is taken.    No affidavit of merits or proposed answer was presented on any of these motions.

*W. Hammons* and *J. A. Payne*, for appellants.

*John Jenswold, Jr.*, for respondent, cited:

*Griffin* v. *Jorgenson*, 22 Minn. 92; *Weller* v. *Hammer*, 43 Minn. 195; *Kanne* v. *Minneapolis & St. L. Ry. Co.*, 33 Minn. 419; *Bennett* v. *Denny*, Id. 530; *Swanstrom* v. *Marvin*, 38 Minn. 359; *In re Minneapolis Ry. Terminal Co.*, 38 Minn. 157.

COLLINS, J.    Defendants, three in number, appeal from an order denying their motion to set aside and vacate a judgment entered against them, for want of answer, in the month of June, 1890.    In November, 1891, two of these defendants moved the court, on affidavits and all files and records, to modify the judgment as to them by materially reducing it in amount, which motion was denied.    Afterwards, in the month of December, all of the defendants, on the files and records and other affidavits, moved the court to vacate and set aside the judgment, and this motion was denied.    Later, in January, 1892, the same defendants, on the files and records and on affidavits which did not substantially differ from those previously used, again moved the court to vacate and set aside the judgment.    The order denying this motion is the one appealed from, and it must be affirmed. It is not improbable, as urged by counsel for respondent, that several reasons may be given in justification of the order appealed from; but, if no other existed, it is sufficient to say that the court had previously passed on a motion of the same import, based, practically, on the same grounds, when called upon to consider that now before

us, and that this point was raised by respondent's counsel on the last hearing. In effect, the motion last made was a renewal, without application or leave to renew, of one already made, considered on its merits, and disposed of. While the decision of a motion is not usually regarded in the light of *res adjudicata*, the well-established practice is that, after a motion has been fully heard and determined, it shall not be renewed, and the same questions again raised, except on leave of the court first had or obtained. Sometimes this leave is a part of the order passing on the matter, but ordinarily an independent application has to be made for it. *Swanstrom* v. *Marvin*, 38 Minn. 359, (37 N. W. Rep. 455;) *Weller* v. *Hammer*, 43 Minn. 195, (45 N. W. Rep. 427.) Unless this be the correct practice and the established rule be adhered to, there would be no end to motions, interlocutory and otherwise, having in view the obtaining of the same relief, and based upon precisely the same state of facts.

Order affirmed.

(Opinion published 52 N. W. Rep. 214.)

