### EDWARD O'HARA v. H. L. COLLINS COMPANY.[1]

November 29, 1901.

Nos. 12,714—(76).

**Motion for New Trial.**

In an action to recover for personal injuries alleged to have been caused by the negligence of defendant, the court below at the conclusion of the trial directed a verdict for defendant on the ground that the evidence was insufficient to sustain a recovery by plaintiff. Sub-

[1] Reported in 87 N. W. 1023.

sequently plaintiff moved, upon a settled case and affidavits of newly-discovered evidence, for a new trial, which motion was granted. It is *held* that the motion for a new trial was one addressed to the discretion of the court, and. no abuse of such discretion appearing, the order appealed from is affirmed.

Action in the district court for Ramsey county to recover $7,500 for personal injuries. The case was tried before Kelly, J., who directed a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*Stevens, O'Brien, Cole & Albrecht*, for appellant.

*S. P. Crosby* and *Edward J. Cannon*, for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. At the conclusion of the trial in the court below a verdict was ordered for defendant. Subsequently plaintiff caused a case to be settled, upon which and the pleadings a motion for a new trial of the action was made, and thereafter argued and submitted to the court for decision. Before the determination of the motion, plaintiff gave notice of another motion for a new trial upon the ground of newly-discovered evidence, such ground not being included within the first motion. The second motion was based upon the records and files in the action, and upon affidavits setting forth the new evidence, and excusing the failure to produce the same on the first trial. Defendant moved to dismiss the second motion, but the court below denied it, and upon the whole record, taking into consideration the evidence produced on the trial, and that disclosed by the affidavits of newly-discovered evidence, granted a new trial. Defendant appealed.

It is claimed in this court that the practice of the court below was irregular, that the second motion should not have been entertained, and that it was error for the court to do so. The court could, in the exercise of its discretion, have granted leave to plaintiff to present the second motion, and the denial of the motion to dismiss it was equivalent to an order granting such leave. Volmer v. Stagerman, 25 Minn. 234. We regard the order

granting the new trial, owing to the special facts of this case, to have been a discretionary one, and not reviewable by this court, except for an abuse of discretion; and, no such abuse appearing, the order must be sustained.

The action, as stated, is one to recover damages for injuries alleged to have been caused by the negligence of defendant. The facts are briefly as follows: Plaintiff was in the employ of defendant at the time of the accident, and had been for some time previous, having charge of a paper-box creasing and embossing press used in connection with defendant's business. The press was operated by means of a shaft at the end of which was adjusted a loose pulley, and a tight pulley in close proximity. These were connected by a belt with a counter shaft above, which in turn was connected with the main shaft that operated the machinery. The press was put in motion and operation by shifting the belt from the loose to the tight pulley, and stopped by shifting it back again. This was accomplished by the use of a shifter, so called, consisting of an iron rod having two prongs extending one on each side of the belt, and working on a pivot. The press was also supplied with a foot brake, which served to stop the machinery and prevent it from starting. It was stationary, and its movements absolute and positive, its operation being guided wholly by human agency, and under ordinary conditions would start in motion only by shifting the belt from the loose to the tight pulley.

In the operation of the press, plaintiff received the injuries complained of; such injuries being caused by the sudden starting of the press after having been thrown out of gear by him. The complaint alleges that the accident was caused by the defective condition of the press and the machinery by which it was operated; that this defect was known to defendant, or, in the exercise of reasonable care, ought to have been known to it, and was unknown to plaintiff.

It was, of course, defendant's duty to provide plaintiff with a reasonably safe place in which, and reasonably safe instrumentalities with which, to perform his work, and to inform him of any hidden danger connected therewith, and it is liable for a negligent failure to perform that duty. There was no evidence offered on

the trial, nor is any disclosed by the affidavits of newly-discovered evidence, tending to show any actual defect in the press or its appliances. The evidence offered, and from which the charge of negligence is sought to be established, is to the effect that on several occasions, varying in point of time from one to seven months from the occasion in question, the press suddenly started in motion of its own accord after having been stopped by the operator; that this was known to defendant; and that it failed and neglected to inform plaintiff of the fact. It is claimed that this evidence is sufficient to take the case to the jury, and that it tends to prove either that the press or its appliances were defective, or that it was out of repair.

The frequent starting of machinery of this kind automatically and without human agency, after being thrown out of gear by the operator, is held by many respectable authorities evidence tending to show that the machinery was in a defective condition or out of repair. Donahue v. Drown, 154 Mass. 21, 27 N. E. 675; Malone v. Hawley, 46 Cal. 409; Brewing Co. v. Bauer, 50 Oh. St. 560, 35 N. E. 55. In view of the fact that the granting of the motion for a new trial by the court below was one resting in its discretion, and that its order in the premises must be sustained, we do not, however, deem it proper to discuss the weight or effect of this evidence.

At the conclusion of the trial below, the court directed a verdict for defendant; but at that time the only evidence tending to show the faulty condition of the machine was to the effect that on two occasions, some six or seven months previous to the time complained of, it had suddenly started in motion without apparent cause, and that defendant had knowledge of the fact. The court deemed the two isolated instances insufficient evidence of negligence to take the case to the jury, and in consequence directed a verdict for defendant.

We do not determine at this time whether the evidence presented by the settled case and that disclosed by the affidavits on the motion for a new trial is sufficient evidence of negligence to justify submitting the case to the jury on that question. Even if within our province to determine the questions of fact involved

in that issue, we could do so only upon all the evidence being before us. It would be out of the usual order to determine them upon affidavits. Whether the evidence is sufficient to justify a recovery by plaintiff will, of course, depend upon its nature and character as disclosed by oral examination of the witnesses in court. We therefore leave that question for the consideration and determination of the court below, as in other cases. When all the evidence is before it on both sides, that court will be in a position to determine the matter in the usual way.

We sustain the order granting the new trial as a discretionary one, and return the case to the court below for a new trial.

Order affirmed.