(88 N. W. Rep. 565.)

---

WILLIAM C. CLOPTON *vs.* JOSEPHINE CLOPTON.

Opinion field Jan. 3, 1902.

**Divorce—Jurisdiction—Answer—Decree—Vacation of Decree—Motion to Set Aside.**

This action was brought to obtain a divorce from the bonds of matrimony. An answer to the complaint was filed by James E. Campbell, an attorney at law, which admitted the marriage and the plaintiff's residence in this state, but denied the cruel and inhuman treatment alleged as grounds of divorce. At the trial plaintiff offered evidence in support of his complaint, but defendant offered no evidence. A decree was entered divorcing the parties on the 2d day of February, 1899. Later, and on July 23, 1900, the defendant obtained an order to show cause why the judgment of divorce should not be vacated upon the ground of absence of jurisdiction, in this: that said James H. Campbell was without authority to appear for defendant or to file an answer in her behalf. Upon a hearing had upon the order to show cause, the trial court, after considering the evidence and hearing counsel, adjudged and ordered that the judgment should be vacated upon the ground above stated, and in the same order directed that the defendant should file an answer to the complaint, which answer was accordingly filed. This order was made on November 30, 1900. On January 22, 1901, the plaintiff obtained an order requiring defendant to show cause why the vacating order above mentioned should not be set aside, and this upon the ground that the same was obtained by fraud and deceit practiced upon the trial

court.  The hearing upon the last-named order was had upon the same evidence adduced at the first hearing and upon additional evidence.  *Held,* that the hearing upon the first order to show cause was not a bar to the second hearing, and this despite the fact that the same ultimate question was presented for decision at each and both of the hearings in the court below.

### Second Hearing—Discretionary.

*Held,* further, that a second hearing of a motion upon the same state of facts is a matter resting in the discretion of the court, and in such cases leave must be obtained.

### Leave Granted.

*Held,* further, that the hearing itself is tantamount to granting leave.

### Alternative Remedies.

*Held,* further, that the remedy by appeal from an order, and by motion to vacate the order, are alternative remedies.

### Second Hearing Sparingly Granted.

*Held,* further, that the right to apply for an order a second time upon the same grounds is not a strict legal right, and leave to do so should be sparingly granted to prevent abuse and vexatious litigation.
Evidence examined, and *held* that the trial court did not err in granting the second order, which order is affirmed.

Appeal from District Court, Morton County; *Winchester,* J.

Action by William C. Clopton against Josephine Clopton for divorce.  From an order setting aside the vacation of a judgment for divorce entered in favor of plaintiff, defendant appeals.  Affirmed.

*E. C. Rice* and *Cochrane & Corliss,* for appellant.

*Newman, Spalding & Stambaugh,* for respondent.

WALLIN, C. J.    The facts presented by the record in this case are as follows:  On the 18th day January, 1899, a complaint was filed by the plaintiff in the district court of Morton county, alleging a cause of action against the defendant for a divorce from the bonds of matrimony upon the ground of cruel and inhuman treatment.  Later, and on the 26th day of the same month, one James E. Campbell, a practicing attorney residing in said county of Morton, filed in said action a paper purporting to be the answer of the defendant to the plaintiff's complaint, which answer admitted that the plaintiff was a resident of this state, and denied the allegations of cruel and inhuman treatment, as alleged in the complaint.  On the 2d day of February, 1899, the said James E. Campbell and the plaintiff's attorney appeared in open court, and stipulated that the court should appoint a certain person named by them as referee to take the testimony in the action, and report the same to the court; whereupon the district court by its order appointed the referee agreed upon, and upon the same day said referee filed his report, which included the testimony of the

plaintiff, and whereby it appeared that the defendant offered no testimony before said referee. Later, and upon the same day, findings were filed by the court, and a judgment was entered in the action in favor of the plaintiff, whereby the parties were divorced from the bonds of matrimony. It further appears that the defendant on the 23d day of July, 1900, appeared by one of her present attorneys, E. C. Rice, Esq., and applied for and obtained an order from said district court. requiring the plaintiff to show cause on the 25th day of August, 1900, why said judgment of divorce should not be vacated and set aside, upon the ground that said James E. Campbell, who prepared and served the answer to the complaint did so without authority from the defendant. The final hearing upon the order to show cause occurred on the 30th day of November, 1900, at which hearing the parties were represented, respectively, by their attorneys, and affidavits and counter affidavits were submitted upon the issue of fact raised by the order to show cause, viz. whether the said James E. Campbell was or was not authorized to appear and file an answer in the action in behalf of the defendant. After hearing counsel, and considering the evidence submitted upon the motion, the district court entered an order dated November 30, 1900, which embraced the following language: "The court finds that the defendant never, directly or indirectly, authorized the employment of James E. Campbell to enter an appearance in this action on her behalf. The court also expresses it as its belief, from the evidence and from the statements of counsel, that Mr. Campbell acted in good faith, believing that he had authority to appear; whereupon the decree and judgment entered in the above-entitled action is set aside, and the defendant is given thirty days in which to file an answer, and the case to stand for final disposition the same as if no judgment or decree had heretofore been entered." It further appears that the plaintiff, on the 22d day of January, 1901, applied for and obtained from said district court an order requiring the defendant to show cause before that court on the 25th day of January, 1901, why the above-quoted order vacating the decree of divorce should not be set aside and annulled on the ground that the same was procured by deceit and fraud practiced upon the court. The last-mentioned order to show cause came on to be heard in the district court on the 30th day of January, 1901, and at said hearing both parties were represented by counsel, and affidavits were submitted on both sides upon the issues presented by the order to show cause; whereupon said court, after hearing counsel and considering the proofs submitted at such hearing, entered an order in the action, which, so far as material, declares that the order of November 30, 1900, "was procured by and through the fraud and deceit practiced by the defendant upon the court, and that said order was improvidently made." Said order further recited that said James E. Campbell was defendant's attorney in the action, and did, when the answer was filed, have authority to file

an answer in defendant's behalf. Said order further directed that the vacating order of November 30, 1900, be set aside and annulled, and that the judgment of divorce entered on the 2d day of February, 1899, "remain and be in full force and effect as if said order of November 30, 1900, had not been made." From the order dated January 30, 1901, setting aside the former order and reinstating the judgment, the defendant has appealed to this court.

In this court it is contended by counsel for the appellant that the order appealed from must be reversed, for the reason that the district court, under established principles of law and practice, was devoid of lawful authority to make the order, and this for the reason, as counsel argue, that the questions involved and decided by the order appealed from had been previously fully adjudicated by the district court upon the order to show cause obtained by the defendant, and which culminated in the order of November 30th vacating the judgment. In support of this proposition, the appellant's counsel argue that the ultimate question presented to the district court for solution by the two orders to show cause was identical, viz. one of jurisdiction in the district court over the person of the defendant, and that the pivotal fact to be determined upon both applications to the court below was whether the attorney who assumed to represent the defendant in the action, and who filed an answer to the complaint in her behalf had or had not authority to do so; and, upon the assumption that these premises are made manifest by the record, counsel proceed to the conclusion that the question of jurisdiction is res judicata, and therefore cannot be relitigated upon the last order to show cause (that obtained by the plaintiff), for the reason that it was fully adjudicated upon the order previously obtained by the defendant. But we think this postulate of counsel is fairly debatable. From our standpoint the record develops many dissimilar features in the two applications for relief to the district court. Upon the first order to show cause the defendant attacked a final judgment entered in the district court, and did so solely upon jurisdictional grounds. Upon the second order (that obtained by the plaintiff), an interlocutory application was made to the district court to set aside an order in the action, which order plaintiff claimed was obtained by means of false testimony and a deceit practiced upon the court by the defendant. We are far from being convinced that these dissimilar features do not distinguish the two applications in such a way as to wholly differentiate them from each other; but for the purposes of the case it will not, from our point of view, become necessary to determine this question.

In deciding the case we shall accept the premise of the appellant's counsel, and concede that the ultimate question presented by the last order to show cause was the same as that presented by the first, viz. a question of jurisdiction. But in disposing of the case it must be further premised that additional evidence of a convincing char-

acter was presented upon the hearing of the last order, which evidence was discovered by the plaintiff after the first order had. been made and the judgment had been vacated. We are therefore confronted with a case where a second motion is made in the district court upon the same grounds and state of facts, and to obtain the same ultimate relief, sought by a prior motion, which had been decided; the only difference in the two motions being that the one last made was supported by additional evidence. The law question presented is whether this practice can be permitted. It is contended that, inasmuch as the order which vacated the judgment was an appealable order, the plaintiff was limited to that mode of reviewing the action of the district court. Upon this question there is some conflict of judicial opinion, but it seems that the weight of authority is arrayed in support of the proposition that the remedy of appeal and that by motion to vacate an order are alternative remedies. See *Belmont* v. *Railroad Co.,* 52 Barb. 637; *Aiken* v. *Peck,* 72 Ga. 434; 15 Enc. Pl. & Prac. 356; also 14 Enc. Pl. & Prac. 87.

It is further contended that the question decided upon the first order to show cause, i. e. that of juridiction, is res judicata, and hence the same question could not lawfully be relitigated in the trial court upon the hearing of the second order to show cause. Here again there is presented a conflict in the adjudications, but it seems that the weight of authority, as well as the better opinion, is that a court of superior jurisdiction, unless restricted by statute, has such control of its own orders that it may vacate or modify the same in furtherance of justice, and also determine the conditions upon which they shall be operative. Nor is the doctrine of res judicata applied to orders with the same strictness as to judgments. See 15 Enc. Pl. & Prac. 349; *Johnston* v. *Brown,* 115 Cal. 694, 47 Pac. Rep. 686; *Bowers* v. *Cherokee Bob,* 46 Cal. 280, 281; *Jensen* v. *Barbour,* 12. Mont. 566, 31 Pac. Rep. 592; 14 Enc. Pl. & Prac. 176; *Page* v. *Page,* 77 Cal. 83, 19 Pac. Rep. 183.

It has been said that what may be done by motion may be undone by motion. See *Belmont* v. *Railroad Co.,* 52 Barb. 637; *White* v. *Munroe,* 33 Barb. 651. The rule in New York, which we think is the better rule, is well settled that a new motion for the same relief is a matter of right, and may be made without leave of court, when the motion is made upon a new state of facts; but, on the other hand, where a new motion is made upon the same state of facts as those presented on a previous motion, that the hearing of such new motion is discretionary with the court, and leave must be obtained to hear the same. The rule that leave must be first obtained before or at the second hearing is the established rule in Minnesota. See *Carlson* v. *Carlson,* 49 Minn. 555, 52 N. W. Rep. 214.

In the case at bar no objection appears to have been made by the defendant to the second hearing in the district court, nor do we think that such objection, if made, would properly have been sus-

tained. Before the second application was heard upon its merits the district court, upon proper application therefor, had by its order to show cause directed that the application should be heard before the court at a time and place specified in its order. We think this order was tantamount to an express leave of court to present the matter a second time to the court. But, independently of this view, it appears to be the better opinion that the fact of hearing the same matter a second time furnishes irrefragable proof that the court either before or at the hearing, had given leave to present the matter anew. *Harris* v. *Brown*, 93 N. Y. 390. See *Jensen* v. *Barbour*, 12 Mont. 566, 31 Pac. Rep. 592; also 14 Enc. Pl. & Prac. 186. The rule requiring previous leave is one of mere practice, and may be relaxed. Id. But it should be kept in mind that the rule allowing a second hearing of a motion upon the same state of facts which was presented at a former hearing rests in the discretion of the court, and is not a strict legal right. This rule of practice requiring leave to be granted is most salutary,. and one intended to prevent the abuse which would likely ensue if litigious persons were permitted, uncurbed, to make repeated motions to the same court, based upon the same state of facts. Our conclusion is that no rule of law or practice was violated by the district court in permitting the plaintiff to move in that court to vacate the previous order obtained by the defendant, and this brings us to the merits of the order appealed from.

We are required to examine the evidence submitted at the hearing of plaintiff's order to show cause, and to determine therefrom whether the order appealed from is sustained by the evidence. This feature of the record presents no difficulties. This court, after a careful consideration of all the evidence in the record, is unanimously of the opinion that the order appealed from is sustained by an overwhelming weight of evidence. But as the evidence is voluminous, we are convinced that an attempt to analyze the same, and present it in logical order, would serve no useful purpose, and hence we shall refrain from any attempt to do so. Nor shall we, upon this appeal from an order, consider whether or not the plaintiff was, when the decree was entered, a bona fide resident of this state within the meaning of the divorce law. That question was not litigated upon the hearing had below, which culminated in the order appealed from. Moreover, the defendant, by her first answer (which we hold was filed by her authority and in accordance with her then existing desires, and pursuant to a definite arrangement made with her husband), affirmatively admitted the plaintiff's residence in this state. It is true, and this court has so ruled, that in a divorce case an admission of residence made by answer does not preclude the trial court from intervening in behalf of the state to investigate and determine the matter of the residence of the plaintiff, notwithstanding the admission in the answer. See *Smith* v. *Smith*, 8 N. D. 219, 86 N. W. Rep. 721. But in the case under

consideration the record does not show that the trial court intervened for this purpose. Upon this state of facts it must follow that the question of the plaintiff's residence, as against the defendant at least, is foreclosed by defendant's express admission of plaintiff's residence in her original answer to the complaint.

We find no error in the order appealed from, and hence the same will be affirmed. All the judges concurring.