## CITIZENS' TRUST & SAVINGS BANK v. ZENOR et al.

The Supreme Court is not justified in reversing the trial court upon a question of fact raised on a motion to open a default.

(Opinion filed, March 23, 1910.)

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy, Judge.

Action by the Citizens' Trust & Savings Bank against L. L. Zenor and others. There was a default judgment, and from an order refusing to open the same, defendants appeal. Affirmed.

*L. F. Lammers* and *Campbell & Taylor,* for appellant. *Taubman & Williamson,* for respondent.

WHITING, J. This cause comes before this court upon an appeal from the order of the circuit court refusing to open up a default judgment and allow the defendant to interpose an answer to the complaint herein.

Upon the motion in the court below, the defendant presented affidavits stating facts which, if true, would entitle the plaintiff to the relief prayed for, which was that he be allowed to answer owing to his failure so to do, within the time provided by statute, being due to excusable neglect, etc. The plaintiff presented affidavits, disputing the allegations of defendants affidavits, thus leaving to the trial court the determination of an issue of fact as to whether the attorney for the plaintiff had entered into a verbal stipulation wherein he had granted to the defendant an extension of time within which to answer the complaint herein. The contents of such affidavits are such that there is no chance to say that any of the parties who made such affidavits are merely mistaken, but it is clear that the affidavits on one side or the other are willfully false. If the affidavits submitted by defendant are true, the attorney for the plaintiff, a sworn officer of this court, is guilty of conduct which would brand him as unfit for the profession to which he belongs. The judge of the circuit court, who considered these affidavits, was certainly in a better position to judge of the weight to be given to the same than are the judges of this court, especially inasmuch as he was well acquainted with the said attorney above referred to, and certainly this court would not be justified in reversing the decision of such trial court upon this disputed question of fact.

The order of the trial court is affirmed.

McCOY, J., not sitting.