FISK et al., Appellants, v. HICKS, Respondent.

(137 N. W. 424.)

**1.  Motions—Res  Judicata—Orders.**

    The strict rule of res judicata does not apply to motions
in pending actions, and a trial court has jurisdiction to and
may, in its discretion, allow a renewal of the motion.

**2.  Judgment—Vacation  of  Judgment—Renewal  of  Motion—New
Facts.**

    It is not abuse of discretion by trial court, after a motion
to vacate a judgment has been denied, to permit renewal of
the motion on new facts and affidavits.

**3.  Default  Judgment — Vacation  of  Judgment — Leave  to  Renew
Motion.**

    Where a motion to vacate a judgment has been denied.
and a new motion based on new facts and affidavits is to be
made, leave of court to renew the motion is not necessary.

**4.  Default  Judgment—Vacation  of  Judgment—Proposed  Answer
—Evasion.**

    On renewed motion to vacate a default judgment in an
action for attorney's fees, a proposed answer specifically deny-
ing that defendant ever employed plaintiffs as attorneys in
the action, is sufficient as against objection that plaintiffs were
employed through other authorized attorneys; such answer
is not evasive in that it only denied that defendant himself
employed them.

**5.  Default  Judgment — Vacation  of  Judgment — Employment  of
Counsel—Judicial  Discretion.**

    Where an application to vacate a judgment against a non-
resident shows that defendant, on being served with sum-
mons and complaint, immediately employed non-resident
counsel and turned the matter over to them, that defendant's
wife was very ill and defendant neglected his business in
order to give time and attention to her, that his counsel filec

instead of serving the answer and thus, through inadvertence and mistake allowed judgment to go against him, he supposing that his counsel were making appéarance that would protect his rights in the action; **held**, it was no abuse of discretion to grant the application.

6.  **Default Judgment—Vacation of Judgment—Employing Foreign Attorney.**

 A non-resident defendant who employed an attorney at his residence was not at fault in not at once employing a local attorney familiar with the practice in this state, to protect his interests; such failure did not prejudice his right to set aside a default judgment entered against him by reason of misunderstanding of the practice by the employed attorneys; their mistakes should not be more prejudicial than those of local counsel.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Potter County. Hon. J. H. Bottum, Judge.

Action by Robert B. Fisk and another against Joseph Hicks, to recover attorney's fees alleged to have been earned for services performed by plaintiffs for defendant, a non-resident, under an employment through alleged authorized attorneys resident in the state of defendant's residence. From an order setting aside a default judgment in the action, with leave to answer, plaintiffs appeal. Affirmed.

*Fisk & Sargent*, for Appellants.

It is the general rule that a second application to set aside a default and be allowed to answer, based on the same grounds as the first, will not be entertained without leave of court to make the second application having first been granted. Weber v. Hammer, 45 N. W. (Minn.) 427; Schaugnessy v. Reilly, 41 How. Pr. (N. Y. Sup. Ct.) 384; Sanford v. Weeks, 50 Kan. 339; Johnstone v. Brown, 115 Cal. 694; Carlson v. Carlson, 49 Minn. 555; Mabray v. Henry, 83 N. C. 298; Dick v. Williams, 87 Wis. 651; Kabe v. The Vessel "Eagle," 25 Wis. 108; Second Ward Bank v. Upman, 14 Wis. 596; Branger v. Buttrick, 28 Wis. 454; 23 Cyc. 974-3; Jeansche v. Lewis et al., 1 S. D. 609.

The rule is that a motion once heard and decided by a court cannot be renewed in the same court without leave of the court. Jay v. DeGroot, 2 Hun. (N. Y.) 205; Fowler v. Huber, 7 Robt.

(N. Y.) 52; Mitchell v. Allen, 12 Wend. (N. Y.) 290; Riggs v. Pursell, 74 N. Y. 370; Tyrell v. Baldwin, 78 Cal. 470; Hitchcock v. McElrath, 69 Cal. 635; Bowers v. Cherokee Bob, 45 Cal. 280; Townsend v. Wisner, 18 N. W. (Ia.) 304; Belmont v. Erie R. Co., 52 Barb. (N. Y.) 637; 23 Cyc. 974-3.

Unless the order denying the first motion shall have been without prejudice to a new motion, or leave shall have been obtained to renew the motion, the court has no right or authority to entertain a new motion, and has much less right or authority to grant the relief asked, especially, when that relief is the same as the relief asked in the first motion. Kabe v. The Vessel "Eagle," supra; Carlson v. Carlson, 52 N. W. 214 (Minn.); Rogers v. Hoening, 46 Wis. 361; Greenl. on Ev., Sec. 522; Walker v. Rogan, 1 Wis. 597.

It is well settled in South Dakota that a motion to vacate and set aside a judgment is an appealable order; Weber v. Tschetter, 1 S. D. 205; and that the determination upon the merits of such a motion is res adjudicata. Dick et al. v. Williams et al., 58 N. W. 1029 (Wis.); Second Ward Bank v. Upman, 14 Wis. 596; Wilber v. Hammer, 45 N. W. 427 (Minn.); Hall v. Harris, 1 S. D. 279; Grunert v. Spalding, 78 N. W. 606 (Wis.); Day v. Mertlock, 58 N. W. 1037 (Wis.); Wilson County v. McIntosh, 30 Kan. 234; Schaugnessy v. Reilly, 41 How. Pr. (N. Y. Sup. Ct.) 384.

Generally, leave to renew the motion or make a new motion will not be granted unless the new circumstances which have arisen are such as to excite suspicion of unfairness or the belief that the party moving has been taken by surprise. Mitchell v. Allen, 12 Wend. (N. Y.) 290; Sargent v. Kindred, 63 N. W. 151 (N. D.) p. 154.

Among a long list of authorities holding that leave to renew a motion will not be given to enable a party to insist on facts known to him, but not insisted upon at the hearing of the original motion, we cite the following few: Lovell v. Martin, 12 Abb. Pr. (N. Y. C. Pl.) 178; Schlemmer v. Myerstein, 19 How. Pr. (N. Y.) 413; Hall v. Emmons, 2 Sweeny, (N. Y.) 396; Adams

v. Lockwood, 30 Kan. 373; Witmark v. Herman, 44 N. Y. Super. Ct. 144.

The new motion should not have been entertained until notice of a motion for leave to make the second motion had been given the plaintiffs and they had had an opportunity to be heard. And, even omitting, for sake of argument, the necessity of leave for the second motion, the second motion should not have been granted because the defendant, upon whom is the burden of proof, made no stronger showing and gave no better reasons for the granting of the second motion than he gave for the granting of the first motion which was denied. Pettigrew v. City of Sioux Falls, 5 S. D. 646.

It is universally held, we believe, that if a suitor would excuse himself on the ground of the negligence of his counsel he must have employed  one practicing habitually in the court or jurisdiction where the case was brought. Manning v. Roanoke, etc., R. Co., 28 S. E. (N. C.) 963; Jett v. Herald, 62 S. W. 264 (Ky.); Union Central Life Ins. Co. v. Lipscomb, 27 S. W. 307 (Tex.).

It is the general rule that the ignorance or negligence of one's attorney is not sufficient grounds for setting aside the default. Gray v. Sabin, 87 Cal. 211; East St. Louis v. Thomas, 102 Ill. 453; Lowell v. Ames, 6 Mont. 188; Freeman v. Brown, 55 Cal. 465; Williamson v. Cummings Block Drill Co., 95 Cal. 652, 23 Cyc. 939 (Ill.); Amestoy Estate Co. v. City of Los Angeles, 90 Pac. 42.

The defendant must excuse his default; Electric Vehicle Co. v. DeDetrich Import Co., 159 Fed. 492; Pettigrew v. City of Sioux Falls, 5 S. D. 646, 23 Cyc. 930-12, and authorities there cited.

The paper was not and is not an answer and the plaintiffs and the court would not have been bound to take any notice of the so-called answer even if it had been served upon them or come to their notice. Section 133 of the Code of C. P., S. D.

The complaint (Abstract folios 6-12) was verified and, therefore, any subsequent pleading, to constitute a pleading under the law, must have been verified also. 31 Cyc. 526-95, and authori-

ities cited; Ganthier v. Rusicka, 53 N. W. 80 (N. D.); Sec. 104 of the Code of C. P.

The defendant, and his counsel employed by him, must be charged with the knowledge of the law, and he cannot be relieved from a judgment taken against him, on the ground that he did not know the law, or that he was mistaken in the law. 23 Cyc. 939 (Ill.)

All facts in support of the defendant's motion must be stated positively and directly; it is not sufficient to allege facts on information and belief, such as the defendant has alleged the fact that his counsel filed an answer and that they were not conversant with the practice in the courts of South Dakota. 23 Cyc. 954.

Had Hicks been prevented from giving any further attention to the case than the employment of counsel the equities in his favor would be greater. But, aside from employing counsel on April 4, 1910, he talked about the case on April 11, 1910, with George W. Allen at Boscobel, Wisconsin; signed the so-called answer probably some time shortly prior to April 27th; had his attorneys call upon Blaine & Kuenzli at Boscobel, Wisconsin, on June 30, 1910—all of this before judgment was taken, and yet he made no attempt to comply with the mandates of the summons as to answering the complaint.

When as in this case the motion is based on the files and records tending affirmatively to show that he has no defense upon the merits, a very different question is presented. Minnehaha National Bank v. Hurley, 13 S. D. 18-22.

In 23 Cyc. 954, the learned author says: "It is not sufficient to allege them (facts) on information and belief." Citing Scales v. Labar, 51 Ill. 232; Hall v. O'Brien, 5 Ill. 405; Fink v. Bryden, 3 Johns. (N. Y.) 245; Freeman on Judgments, Sec. 508; Black on Judgments, Sec. 375; Payne v. Savage, 94 Pac. 751 (Or.); Stockton v. Wolverine Gold Mining Co., 57 S. E. 335 (N. C.).

The pressure of business on the part of the defendant's counsel was not sufficient, in Bowen v. Webb, 85 Pac. 739 (Mont.); in Reinhart v. Kirkwood, 130 Ill. Appeals, 398, it was held that

the negligence of the defendant's agent is attributed to the prin-
cipal.

Very evidently, Glasgow caused the so-called answer to be
signed by Hicks for the purpose, designedly, of evading the law
of South Dakota which, like the law of Wisconsin, requires the
association with a non-resident attorney of a resident attorney.

The defendant has, in the case at bar, failed to meet the first
requirement by showing mistake, inadvertence, surprise or ex-
cusable neglect. Burton v. Cooley, 118 N. W. 1028 (S. D.).

As to the third requirement, the affidavit of merits, we re-
spectfully call the attention of the court to Kirschner v. Kirschner,
75 N. W. 252 (N. D.); Sargent v. Kindred, 63 N. W. 151
(N. D.)

No brief was filed on behalf of Respondent.

SMITH, J. Appeal from an order setting aside a default
judgment with leave to answer. On March 11, 1910, appellants
Fisk and Sargent instituted an action against Joseph Hicks, who
was a resident of Illinois, by the issuance of a summons and war-
rant of attachment, which was levied on certain moneys belonging
to Hicks, in this state. A copy of the warrant of attachment and
notice of levy were mailed to defendant at his place of residence,
Warren, Ill., and were received by him March 18, 1910. On April
4, 1910, the summons and complaint were personally served on
Hicks in the state of Illinois. On July 11, 1910, judgment for
the sum of $549.37 was rendered by default in the circuit court
of Potter county against defendant and execution issued, which
was returned on August 13, 1910, satisfied out of the moneys
levied under the attachment. On September 21, 1910, Hicks
served notice of motion to vacate the judgment and for leave to
answer, which was heard upon affidavits and the proposed answer.
September 28, 1910, an order was entered denying this motion.
October 25th notice of a second motion to vacate the judgment
was served, accompanied by an affidavit of Hicks with exhibits
attached and a proposed answer. November 1st, the date for hear-
ing, this motion was postponed by consent of parties to a time
to be agreed upon later. No time was ever agreed upon or any

attempt made by either party to bring the motion on for hearing. February 11, 1911, a third notice of motion was served, based upon the same affidavit and exhibits and proposed answer attached to the second notice of motion. This notice was to the effect that defendant would apply to the court for an order vacating the order of September 28, 1910, denying the former motion for leave to answer, and that defendant be permitted to serve and file the accompanying answer. Plaintiff objected to the hearing of this motion on the grounds: (1) That a similar motion is still pending and undetermined; (2) that no leave of court had been granted to make the motion about to be heard; (3) that the order denying defendant's first application for leave to answer is an adjudication of the matter. Plaintiffs read in opposition a number of affidavits, including an affidavit of plaintiff Fisk, covering some 15 pages of the printed record. The court thereupon entered an order, containing full and complete recitals of all proceedings theretofore had, among which was a statement that the order of September 28, 1910, denying the motion for leave to answer was based upon the insufficiency of the affidavit of merits on the former motion. Following these recitals was the order, first, that the defendant is given leave to make the motion now before the court, and that the order of September 28, 1910, is in all things vacated, set aside, and held for naught; and the further order that the judgment entered July 11, 1910, be vacated and defendant given leave to serve his proposed answer. It was further ordered that the money received by plaintiffs upon the execution be held as security for any judgment they may recover on the trial of the action, and that defendant pay $40 terms. Appellant assigns as error: (1) The overruling of objections to the hearing of the motion to set aside the judgments; (2) that the court erred in its recitals of certain matters of fact preliminary to the orders complained of; (3) that no leave of court was asked to renew the motion theretofore denied; and (4) that the court erred in vacating the default judgment and permitting defendant to answer. These assignments present but two questions: First, whether the order entered on the first motion was an adjudication of the same matters involved in the ruling appealed from; and, if

not, whether the court erred in opening the default. For the purposes of this decision, we shall assume, as contended by appellant's counsel, that the several motions were upon the same grounds and for the same relief.

[1, 2, 3] It is apparently conceded by appellant's counsel, and we agree, that the strict rule of res adjudicata does not apply to motions in a pending action, and that a trial court has jurisdiction to and may allow a renewal of such motions. It is held in New York that a second motion for the same relief upon a new state of facts may be made without leave of the court; but when the new motion is based on the same state of facts, the hearing of the new motion is discretionary with the court, and leave must be obtained. White v. Munroe, 33 Barb. (N. Y.) 650; Belmont v. Railroad Co., 52 Barb. (N Y.) 637. In Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562, 88 Am. St. Rep. 749, it was held that the rule requiring previous leave to renew a motion is one of practice merely, and rests in the discretion of the court. In Johnston v. Brown, 115 Cal. 694, 47 Pac. 686, it is held that the doctrine of res adjudicata is not applicable to motions in pending actions, following Ford v. Doyle, 44 Cal. 635; Bowers v. Cherokee Bob, 46 Cal. 279; Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592. In Harris v. Brown, 93 N. Y. 390, it is held that the fact that the court hears the same motion a second time is conclusive proof that the court either before or at the hearing had given leave to present the matter anew. Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592; Kenney v. Kelleher, 63 Cal. 442; Hitchcock v. McElrath, 69 Cal. 634, 11 Pac. 487. In Carlson v. Carlson, 49 Minn. 555, 52 N. W. 214, it is said: "While the decision of a motion is not usually regarded in the light of res adjudicata, the well-established practice is that, after a motion has been fully heard and determined, it shall not be renewed, and the same questions again raised, except on leave of the court first had or obtained. Sometimes this leave is a part of the order passing on the matter, but ordinarily an independent application has to be made for it." The rule announced by this court in Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128, is entirely consistent with that established by the foregoing decisions. It will be observed that the motion in the

case at bar was an application not only for an order vacating the judgment and permitting defendant to answer, but for a vacation of the previous order as well, and the order of the court made at the hearing expressly gave defendant leave to make the pending motion for vacation of the judgment and also vacated the former order. In passing, we may observe that in most of the cases cited by appellant's counsel, as bearing upon the question under discussion, the motions involved the merits of the action, itself, and in such cases the strict rule of res adjudicata is ordinarily applied. We are clearly of opinion that the permission to renew the motion for leave to answer was within the discretion of the trial court and should not be disturbed.

[4] The motion to vacate the default judgment was accompanied by a sufficient affidavit of merits and a proposed answer disclosing a good defense to the action. Appellants criticise the answer as evasive of the precise issue of fact involved. The action was to recover attorney's fees for services, in a certain action in which respondent was named as plaintiff, and the answer specifically denies that he ever, at any time, employed plaintiffs as attorneys in said action. Appellants' affidavits read on the motion are to the effect that they were employed by the defendant through a firm of attorneys in Illinois, who had authority from defendant to employ them, and that the proposed answer is evasive in that it only denies that defendant, himself, employed them, and does not deny the employment through the firm of attorneys in Illinois. Clearly the denial raises an issue as to the ultimate fact of employment, and nothing further is required.

[5] The affidavit of Hicks, served with the motion to open the default, is to the effect that the summons and complaint were served upon him in Illinois, on April 4, 1910; that he immediately employed counsel, one W. H. Glasgow, and turned the matter over to him; that at said time his (Hicks') wife was very ill at home, and thereafter, at certain hospitals, and continued ill until her death, a short time ago; that affiant, during her illness, abandoned and neglected all business duties in so far as it was possible for him to do so, and devoted all his time and attention to the treatment and comfort of his wife; that since her death, on his re-

turn to business affairs, he has learned that his counsel in Illinois filed an answer in the circuit court of Potter county, instead of delivering same to plaintiffs' attorneys, as required by law of this state, and supposed they were making an appearance in the action that would protect his rights; that himself and his attorneys thus, through inadvertence and mistake, allowed judgment to be taken by default; that such inadvertence and default were due to inattention to his business affairs caused by his wife's illness and death and the mistake of his counsel in filing instead of serving his answer. In opposition to the motion, plaintiffs' counsel presented and read affidavits tending to discredit defendant's statements as to his inattention to business affairs, because of his wife's illness and death, and reciting alleged facts and circumstances, most of which would be pertinent, perhaps, to issues which might arise at the trial, but which cannot properly be considered upon the motion to vacate the default judgment.

[6] Appellants' contention that respondent was at fault in not at once employing a local attorney familiar with the practice in this state, to protect his interests, is without merit. No question appears in the record as to the qualifications of the nonresident counsel employed by him as a reputable and reliable attorney, and nonresident attorneys are recognized by the statute of this state as entitled to appear as counsel for litigants in the courts of this state, when associated with local counsel. We fail to see any sound reason for giving a more prejudicial effect to the mistakes of such counsel, or for holding that a nonresident litigant should be penalized for employing an attorney of his own state to safeguard his rights in this state. It is true that many decisions may be found which hold that the client will be held responsible for the mistake or neglect of his attorney, and this line of decisions is invoked by appellants for reversal of the order permitting defendant to answer and defend the action on the merits. But this strict rule has been relaxed in our own, as well as in many other, states, and the more just and salutary rule of allowing the courts a wide discretion in all cases has been approved.

In Searles v. Christensen, 5 S. D. 650, 60 N. W. 29, where the trial court refused to vacate a default resulting from facts

which constituted either mistake or misconduct on the part of counsel, this court held that the refusal was an abuse of discretion on the part of the trial court and reversed its ruling. In that case, this court said: "Undoubtedly, cases may be found justifying the decision of the trial court in refusing this application; but we think such cases go to the unreasonable length of subordinating the very ultimate object of judicial inquiry, to-wit, the administration of justice, to one of its subsidiary rules of procedure, to-wit, that the client employs the attorney as his agent and must be held responsible for his conduct.  *  *  *  It is probable that the misinformation so received by defendant from his attorney might be explained or accounted for on the basis of misunderstanding himself; but no such attempt is made, and, whether relieved by such explanation or not, the effect upon the defendant is the same. For cases in which the courts have acted upon or expressly approved the views here expressed and opened up judgments on the ground of negligence, wrong, or default of a party's own attorney, see—citing a number of cases from other states. And again, quoting from Black on Judgments, § 341, the court says: "And even in the states which generally adhere to the strict rule (that the fault of the attorney is the fault of the client) there is a disposition to relax it somewhat under exceptional circumsances." Again quoting from Griel v. Vernon, 65 N. C. 76, the court says: "In this case, the party retained an attorney to enter a plea for· him. That an attorney would fail to perform an engagement to do such an act as that, we think may fairly be considered a surprise on the client, and that the omission of the client to examine the records in order to ascertain that it had been done was an excusable neglect." In commenting upon the provisions of our Code authorizing the courts to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or inexcusable neglect in the case of Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761, this court said: "The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect, should be exercised by them in the same liberal spirit in

which the section was designed, in furtherance of justice, and in order that cases may be tried and disposed of upon their merits." In accordance with this broad interpretation of the statute, this court has many times held that the granting or refusal of motions to open defaults rests in the discretion of the trial courts, and such orders will not be reversed except upon a clear abuse of discretion. Meade County Bank v. Decker, 19 S. D. 128, 102 N. W. 597; Rosebud Lumber Co. v. Serr, 22 S. D. 589, 117 N. W. 1142; Corson v. Smith, 22 S. D. 501, 118 N. W. 705; Kjetland v. Pederson, 20 S. D. 58, 104 N. W. 677; Gibson v. Smith, 24 S. D. 514, 124 N. W. 733; Citizens' Trust & Savings Bank v. Zenor, 25 S. D. 210, 126 N. W. 245; McAndrews v. Security Bank, 25 S. D. 590, 127 N. W. 536; Clark Implement Co. v. Wadden, 136 N. W. 111.

We are of opinion that no abuse of discretion on the part of the trial court in vacating the default and permitting a defense on the merits is shown by the record. By its order the trial court directed that the money collected under the judgment be held as security for any judgment plaintiff might recover in a trial of the action upon its merits. This gives ample security to appellants, should they ultimately succeed in the action, and they cannot therefore be prejudiced or injured in their substantial rights.

The order of the trial court is affirmed.