# PATRICK McLAUGHLIN v. CITY OF BRECKENRIDGE.[1]

Nos. 17,996—(118).

May 9, 1913.

On Motion to Dismiss Appeal.

**Appeal from conditional order.**

1. Service of notice of the filing of a conditional order before compliance with the conditions is ineffectual to limit the time within which an appeal can be taken. [Reporter].

June 20, 1913.

On Appeal.

**Vacating default.**

2. Action of the trial court in vacating its former order for judgment for the defendant on the pleadings, for want of a reply and the judgment entered thereon, and granting the plaintiff leave to reply, sustained under the rule that courts have power to relieve parties from such defaults, and that applications of this sort are liberally treated.

**Judgment on the pleadings.**

3. The application for judgment on the pleadings having been based solely upon the plaintiff's failure to reply, the fact that the complaint was insufficient to state a cause of action in that it failed to allege the facts concerning service of a notice of claim upon the defendant city, as prescribed by R. L. 1905, § 768, was unavailable to the defendant upon the plaintiff's motion to vacate the former order and judgment and for leave to reply, it being sufficient upon the latter motion that the complaint showed a meritorious cause of action, though defectively alleged.

**Discretion of trial court.**

4. The matter of granting leave to a party to renew a motion on the same state of facts, rests almost wholly within the discretion of the trial court, and there was no abuse of such discretion in the instant case.

**Renewal of motion — leave of court.**

5. The overruling of the defendant's objection based upon the ground that the plaintiff's second motion was a renewal, without leave, of his former motion upon the same grounds, was equivalent to an order granting the plaintiff leave to present his motion.

[1] Reported in 141 N. W. 1134, 142 N. W. 134.

**Reply unnecessary.**

   6. Construing the allegations of the complaint as required by R. L. 1905, § 4143, no reply was necessary.

**Discretion of trial court.**

   7. The affidavits upon which the plaintiff's second motion was based, averring a meritorious cause of action and that the plaintiff's failure to reply properly and in due time was caused by his unfamiliarity with court practice and his attorney's neglect, were sufficient to warrant the relief granted, and the court did not abuse its discretion in the premises.

Action in the district court for Wilkin county to recover $5,200 for personal injury. The answer alleged upon information and belief that any injury sustained by plaintiff was caused by his contributory negligence and not by any negligence on the part of defendant. A motion for judgment on the pleadings for want of a reply or a demurrer on the part of plaintiff to the new matter in the answer constituting a defense was granted. Plaintiff's motion that he be permitted to serve a reply to the new matter in the answer constituting a defense, after the time limited therefor by statute, was denied, Flaherty, J. Plaintiff thereafter moved for an order setting aside the order granting defendant's motion for judgment for want of a reply and to vacate the judgment on the grounds of mistake, inadvertence and excusable neglect on the part of plaintiff's former attorney, without any fault or negligence on the part of plaintiff. Defendant appeared specially and objected to granting the motion. After hearing, defendant's motion for judgment for want of a reply was vacated on terms, the judgment entered pursuant to the order therefor was set aside, and plaintiff was granted leave to serve his reply. From the order granting plaintiff's motion, defendant appealed. Affirmed. A motion to dismiss the appeal was denied.

   *George D. Smith,* for appellant.

   *Henry G. Wyvell* and *W. R. Duxbury,* for respondent.

On May 9, 1913, the following order was filed.

PER CURIAM.

Under the rule in Swanson v. Andrus, 84 Minn. 168, 87 N. W. 363, 88 N. W. 252, the order in this case was conditional, and not final until the conditions were complied with, hence the service of

notice of the filing of the order before compliance with the conditions was ineffectual as a limitation of the time to appeal.

Motion to dismiss appeal denied.

On June 20, 1913, the following opinion was filed:

PHILIP E. BROWN, J.

The plaintiff commenced an action against the defendant city on February 28, 1912, for the recovery of damages, laid in the sum of $5,200, alleged to have been caused by the negligence of the defendant in caring for one of its streets. The defendant served a verified answer. On March 18, the plaintiff duly mailed an unverified reply to the defendant's counsel, and again on April 26 a verified one. Both were promptly returned, the former because unverified, and the latter as being served too late. On April 26, and before the second reply was received, the defendant noticed an application for an order for judgment on the pleadings for want of a reply. This motion came on to be heard on May 6, together with a counter motion of the plaintiff for leave to serve a reply, based upon the affidavit of his attorney to the effect that on the day following the mailing of the first reply he was called away from his office in St. Paul on business, and did not return thereto until April 24, and that he prepared and forwarded, on the next day, the verified reply mentioned. The court granted the defendant's motion on the day of the hearing, and denied the plaintiff relief. Notice of the filing of these orders was given forthwith, and on May 13, pursuant to the order, judgment was entered in favor of the defendant. Thereafter, on June 11, the plaintiff, by a substituted attorney and without leave first obtained to renew a motion, moved to vacate the former order for judgment and the judgment entered thereon, and for leave to reply. This motion was based upon affidavits of merits made by himself and his substituted counsel, and the affidavit of his former counsel already referred to, the plaintiff's affidavit also including averments to the effect that he was not only unfamiliar with court practice and unaware of the necessity for or the effect of failure to serve a reply until after the default, but that he had relied upon his attorney to protect his interests.

The court granted the motion, notwithstanding the defendant's objections, and the latter appealed.

1. In strict practice the reply should not only have been verified but served in time. The courts, however, have power to relieve parties from such defaults, and applications of this sort are liberally treated. The defendant contends that in any event the court was right in granting the first and wrong in granting the second motion, because, as it claims, the complaint did not state a cause of action. The point of insufficiency is well taken, for the complaint is defective in not properly alleging the facts concerning the service of a notice of claim upon the city, as prescribed by R. L. 1905, § 768. But this condition is of no avail now, the application for judgment on the pleadings having been based solely upon the plaintiff's failure to interpose a reply. Such motions cannot be used as a substitute for a demurrer, the purpose of the latter being to search the pleading attacked for insufficiency, and, if merely inadvertent mis-statements or omissions be found, entitle the party in fault to amend on such terms as the court may deem proper, as a matter of course. The allegations of the complaint were material upon the second application only in so far as they evidenced a meritorious claim. Technical nicety in pleading was not involved, and the complaint was sufficient for the purpose stated.

2. On the presentation of the second motion, the court overruled an objection interposed by the defendant to the effect that the same was a renewal, without leave, of a former motion—that is, the plaintiff's original application for leave to serve a reply—for the same relief, and which had previously been considered and disposed of by the court favorably to the defendant. It is urged that there was error in this regard, and also that the determinations upon the motion for judgment and the first application for leave to reply were final and a bar to any subsequent application for relief in the premises. These positions are untenable. If we assume that the second motion was made upon the same state of facts set out in the first one, which is the view most favorable to the defendant, still the matter of granting leave to a party to renew a motion upon the same state of facts rests almost wholly in the discretion of the trial court. Dun-

nell, Minn. Pr. § 2078. And the denial of the defendant's application to dismiss was equivalent to an order granting leave to the plaintiff to present his motion. O'Hara v. H. L. Collins Co. 84 Minn. 435, 436, 87 N. W. 1023. Whatever may be done upon motion to the court may, by the court, upon further motion seasonably made by either party, be wholly undone, and hence neither of the first orders made, nor the judgment entered thereon, became invulnerable to attack upon the application subsequently made. The practice pursued is supported by numerous decisions of this court. See 2 Dunnell Minn. Dig. § 6512; Dunnell, Minn. Pr. § 2080. It is also expressly authorized by R. L. 1905, § 4160.

3. When the allegations of the complaint are construed as required by R. L. 1905, § 4143, no reply was necessary. This aside, the affidavits presented were sufficient to warrant the court in granting the relief prayed, and we find no abuse of discretion. It would be a very drastic application of the rules of procedure to deprive a party of the right to litigate his claim simply because his attorney has failed to serve a reply within the time allowed by statute.

Order affirmed.