W. E. LaPLANTE v. MARTIN KNUTSON AND ANOTHER.[1]

April 27, 1928.

No. 26,606.

**In its discretion district court may allow renewal of motion to vacate a judgment and relieve from default.**

> The strict rule of res adjudicata does not apply to motions in a pending action. The district court has jurisdiction and may in its discretion allow the renewal of a motion to vacate a judgment and relieve from default. The irregularity of failing to procure leave to make it is cured by the overruling of an objection to the hearing of the second motion.

Judgments, 34 C. J. p. 387 n. 27; p. 388 n. 29.
Motions and Orders, 42 C. J. p. 525 n. 44; p. 558 n. 75.

---

See 19 R. C. L. 676; 7 R. C. L. Supp. 641.

Plaintiff as the receiver of the First National Bank of Argyle appealed from an order of the district court for Marshall county,

[1]Reported in 219 N. W. 184.

Grindeland, J. granting the motion of the defendant Helga Knutson to vacate a judgment entered against her and for leave to answer. Affirmed.

*A. N. Eckstrom,* for appellant.

*Julius J. Olson* and *Oscar R. Knutson,* for respondent, Helga Knutson.

STONE, J.

In this action for the recovery of money there was a default by both defendants. It was due, the record indicates, to the oversight of their then attorney. He moved for a vacation of the judgment entered on the default and for leave to answer. By an order of October 1, 1927, that motion was granted as to defendant Martin Knutson but denied as to defendant Helga Knutson. The denial as to her was upon the ground that the affidavit of merits was not made by her or anyone else having personal knowledge of the facts, and because the showing of a meritorious defense was lacking. See People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219. By a motion returnable October 22, 1927, well within the time for an appeal from the first order, defendant Helga Knutson, by her present counsel, renewed her motion to vacate the default judgment, for leave to answer and "such other and further relief as may be just." The second motion was made upon the same facts as the first, but was supported by a showing materially more competent for the purpose intended than that in support of the first motion. From the order granting the second motion, plaintiff appeals.

The argument in support of the appeal is that the court was without jurisdiction to entertain the second motion and is put, in the main, upon Stacy v. Stephen, 78 Minn. 480, 481, 81 N. W. 391, where it was said that "a party to an action cannot be heard to make successive motions for the same relief. A motion once made and denied is final, and a bar to a second motion, except when the second motion is made by leave of court, or upon new facts arising subsequent to the first motion." That exception shows that the question is not one of jurisdiction but rather and only one of propriety, for with leave of court a motion may be renewed. And

while the better practice is to apply for and procure formal leave for the renewal of a motion, that is not necessary. Here the second motion was met by a so-called special appearance. It was an objection to hearing the second motion because the former had been heard and decided, which was in fact though not expressly overruled. That was equivalent to the granting of leave for the presentation of the second motion. O'Hara v. H. L. Collins Co. 84 Minn. 435, 87 N. W. 1023. See also McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134. "The strict rule of res adjudicata does not apply to motions in a pending action, and a trial court has jurisdiction to and may in its discretion allow a renewal of such motions." 19 R. C. L. 676; Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424, Ann. Cas. 1914D, 971. The statement in Griffin v. Jorgenson, 22 Minn. 92, that an order denying a motion is, so long as it remains unchanged, "a bar to any subsequent application for the same relief," is too broad. "It is well settled that the determination of a motion or summary application is not res judicata, so as to prevent the parties from drawing the same matters in question again." Heidel v. Benedict, 61 Minn. 170, 174, 63 N. W. 490, 31 L. R. A. 422, 52 A. S. R. 592; Kanne v. M. & St. L. Ry. Co. 33 Minn. 419, 23 N. W. 854. See also Carlson v. Carlson, 49 Minn. 555, 557, 52 N. W. 214, where it is said that, while the decision of a motion is not usually regarded in the light of res adjudicata, the practice is that it shall not be renewed without leave of court first obtained. The observation is made in that connection that "sometimes this leave is a part of the order passing on the matter, but ordinarily an independent application has to be made for it." Ordinarily there should be no objection to a single motion combining the application for leave and, if that be granted, for the relief sought.

Counsel's criticism that in such cases as this there is a disposition to apply rules of law "only when the courts wish to apply them" is not well taken. It ignores the fact that the subject matter of the order appealed from was within the field of judicial discretion, wherein the judge is left free from arbitrary rules so that he may be unhampered in fitting his action to the merits of each case as it

arises. Furthermore, there is statutory authority for the modification or setting aside of orders when application is made seasonably. G. S. 1923, § 9283. So, while the practice below was subject to the criticism of irregularity already noted, there was no error.

Order affirmed.