UNIVERSAL INSURANCE COMPANY v. FRANK R. BRASIE.[1]

June 24, 1932.

No. 28,936.

*Frank W. Booth*, for appellant.
*Levy & Dretchko*, for respondent.

PER CURIAM.

The appeal is from an order dismissing defendant's motion to vacate a money judgment entered against him on November 29, 1930.

The record discloses that the action was brought by plaintiff to recover of defendant, its agent, premiums on policies issued by plaintiff and collected for it by defendant. Defendant answered with a general denial and set up a large counterclaim arising out of alleged fraud in obtaining the agency contract and in the dealings growing out of the relation of principal and agent. The case was placed on the calendar for trial. In the meantime defendant's attorney died, and he himself claimed to have had such a nervous breakdown that he could not prepare for trial with a new attorney. When the case was reached for trial an attorney appeared for defendant and asked for a continuance, but it was denied. Although defendant knew that the case would be tried, neither he nor his then attorney saw fit to attend the trial. Plaintiff asked that the counterclaim be dismissed. This was granted. Then it proved up its case, findings were made, and thereafter judgment was entered as stated. Subsequently plaintiff instituted supplementary proceedings. And when this disclosed that defendant, after the entry of judgment, had conveyed certain real estate, actions were brought to set aside such conveyances and subject the real estate to the payment of the judgment. About the time one of these actions was reached for trial, defendant moved the court to vacate the judgment rendered herein and grant him a trial. The motion was heard by Honorable Mathias Baldwin, district judge, who on December 9, 1931, filed an order denying the

[1]Reported in 243 N. W. 393.

motion. Thereafter defendant made another motion, to be heard December 28, 1931, for an order vacating the judgment. This motion came before Honorable Horace D. Dickinson, the judge who had made the findings upon which the judgment was entered. Plaintiff's attorneys appeared specially and moved to dismiss the motion and entered objections to its being heard. The court, after hearing the argument, made its order reciting therein that it appeared from the files that a similar motion based upon the same grounds as this had been made to Judge Baldwin and had been denied by that judge in an order filed December 9, 1931, and concluding thus:

"It is ordered that the motion made by the plaintiff herein to dismiss the present motion made by the defendant, be and the same is hereby granted and said motion is dismissed upon the ground and for the reason that a similar motion was heretofore made before another judge of this court, who has passed and ruled upon the same and has filed his order in respect thereto."

It is perfectly plain that Judge Dickinson refused to consider the motion on its merits, and he was justified in so doing by the practice approved in Carlson v. Carlson, 49 Minn. 555, 52 N. W. 214. No leave was asked or given to present a second motion, and the court specifically refused to entertain it. LaPlante v. Knutson, 174 Minn. 344, 219 N. W. 184. There is no escape from an affirmance of the order. But even were this an appeal from Judge Baldwin's order, we could not hold on this record that he abused judicial discretion in denying the motion to vacate the judgment.

The order is affirmed.